IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GETTY IMAGES (US), INC.

                Plaintiff,

    v.

STABILITY AI, LTD. and STABILITY AI, INC.

                Defendants.

C.A. No. 23-135 (GBW)

REDACTED - PUBLIC VERSION
Filed July 18, 2023

## LETTER TO THE HONORABLE GREGORY B. WILLIAMS FROM ROBERT M. VRANA REGARDING DISCOVERY DISPUTE

Dated: July 18, 2023

OF COUNSEL:

Benjamin E. Marks
Jared R. Friedmann
Melissa Rutman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
benjamin.marks@weil.com
jared.friedmann@weil.com
melissa.rutman@weil.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Tammy L. Mercer (No. 4957)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
tmercer@ycst.com
rvrana@ycst.com

*Attorneys for Plaintiff Getty Images (US), Inc.*

Dear Judge Williams:

Getty Images (US), Inc. ("Getty Images") respectfully seeks an order compelling Stability AI, Ltd. and Stability AI, Inc. (collectively, "Defendants") to produce additional jurisdictional discovery in response to the document requests and interrogatories identified below and to produce a deponent within a reasonable period following the production.

**I.   Background**

Getty Images brought copyright, trademark, and unfair competition claims against Defendants arising out of their unauthorized copying of some 12 million images and the associated captions and metadata from Getty Images' website to train Stability AI's generative AI model and their distribution of infringing images and infringing or otherwise unlawful uses of Getty Images' trademarks. The Amended Complaint contains detailed allegations regarding how the Defendants are alter egos of one another. Stability AI, Ltd. created a Delaware corporation, Stability AI, Inc.—which admittedly has no employees or day-to-day operations of its own—to take advantage of US and Delaware securities laws and raise money for the UK entity's infringing activities, including raising over $75 million through a securities offering. D.I. 13 ¶¶ 18-20. Defendants moved to dismiss for lack of personal jurisdiction over the UK entity or to have the case transferred to the Northern District of California, which is their preferred forum, even though neither Defendant is located there. In support of their motion, Defendants submitted a declaration from Peter O'Donoghue, who is both the Chief Financial Officer and a member of the Board of Directors of both the Delaware and UK entities. *See* D.I. 18 ¶ 1; Ex. B (defined below), Verification. Mr. O'Donoghue testified that the two companies "are operated as separate companies," but his declaration provided no evidence of this other than his own say-so. D.I. 18 ¶ 7.

Getty Images served jurisdictional discovery requests on Defendants on May 12, 2023,[1] and the parties began to meet and confer soon after. The parties then submitted a stipulation and proposed order regarding jurisdictional discovery, which was entered by the Court. D.I. 21. But, despite agreeing to a process for jurisdictional discovery, Defendants have largely refused to answer interrogatories or produce documents, almost entirely on the basis of impermissible boilerplate objections, even though "[b]oilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *LG. Philips LCD Co. v. Tatung C*o., No. CV 04-343-JJF, 2005 WL 8170100, at *16 (D. Del. Aug. 16, 2005) (citation omitted), *adopted in relevant part by* 2006 WL 8452351 (D. Del. Sept. 29, 2006). And Getty Images' efforts to reach an acceptable compromise on the scope of its requests have been unavailing. For many of the document requests, Defendants have improperly refused even to disclose whether responsive documents exist. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").

---

[1] Defendants' responses to Getty Images' discovery demands are attached as Exs. A (Stability AI Ltd.'s Supplemental Objections and Responses to Plaintiff's Jurisdictional Requests for the Production of Documents), B (Stability AI Ltd.'s Supplemental Objections and Responses to Plaintiff's Jurisdictional Interrogatories), C (Stability AI Inc.'s Supplemental Objections and Responses to Plaintiff's Jurisdictional Requests for the Production of Documents), and D (Stability AI Inc.'s Supplemental Objections and Responses to Plaintiff's Jurisdictional Interrogatories). The exhibits are being filed under seal because Defendants labeled all four documents "Highly Confidential – Attorney Eyes Only" though only a small portion of the documents arguably contains confidential information.

Defendants' principal—but untenable—position is that "Getty [Images] is not entitled to jurisdictional discovery at all" and that Defendants' responses have been "voluntar[y]." *See* Ex. E, Letter from Defendants' Counsel (July 6, 2023) at 1. On this basis, Defendants have unilaterally decided what discovery to "voluntarily" respond to. But that is not how discovery works. The Third Circuit has held that jurisdictional discovery should be "freely permitted" when a party has moved to dismiss for lack of personal jurisdiction. *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 283 (3d Cir. 1994) (vacating dismissal of the case where plaintiffs were denied jurisdictional discovery needed to oppose motion to dismiss); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (holding district court erred in denying request for jurisdictional discovery as "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous'").

## II. The Court Should Compel Discovery Concerning the Defendants' Relationship

Defendants, which share the same principal place of business and appear to have a common CEO and a common CFO, have refused to provide adequate discovery concerning the relationship between Stability AI, Inc. and Stability AI, Ltd. propounded to test the degree to which they are actually operated as separate companies.

**<u>Failure to Observe Corporate Formalities</u>**

Although Defendants have represented that the two companies "maintain[] separate books and records, maintain[] separate bank accounts, and observe[] corporate formalities," D.I. 18 ¶ 7, Defendants have refused to respond to basic discovery requests that test the accuracy of these statements. For example, Mr. O'Donoghue averred that Stability AI, Inc. "has a Board of Directors that meets ***regularly and records minutes of these meetings appropriately***," D.I. 18 ¶ 10 (emphasis added), but Defendants have refused to produce those minutes or any other evidence concerning these meetings. *See Shopman's Loc. Union 502 Pension Fund v. Samuel Grossi & Sons, Inc.*, No. 20-CV-5776, 2022 WL 129684, at *4 (E.D. Pa. Jan. 13, 2022) (compelling production of board minutes as they may demonstrate "the relationship between or among Defendants" in alter ego claim).

Records concerning corporate formalities go to the core of the alter ego analysis. *See Software Rts. Archive, LLC v. Google Inc.,* No. CIV.A. 2:07-CV-511, 2009 WL 1438249, at *3 (D. Del. May 21, 2009) (granting motion to compel information about jurisdictional contacts where additional discovery could help determine alter ego claim); *see also Shopman's Loc. Union*, 2022 WL 129684, at *5 (compelling documents related to shared equipment and property to help determine "if the entities have 'interrelated operations,' which is itself a factor in assessing whether the entities are alter egos"); *id.* (written agreements between defendants "may provide information regarding the relationships between and among Defendants" and "go to the heart of Plaintiffs' . . . claims alleging that Defendants are not in practice separate entities"). Specifically, Getty Images respectfully requests that the Court order Defendants to provide additional discovery in response to Getty Images' requests concerning:

- the corporate relationship between the two companies (Ex. A, RFP 9; Ex. C, RFP 10);
- individuals with authority to act on behalf of both companies (Ex. B, Interrogatory 12);
- shared resources and office space between the companies (Ex. C, RFP 26);
- intercompany agreements (Ex. A, RFP 11; Ex. B, Interrogatory 15; Ex. C, RFP 12); and
- shareholder meeting minutes, agendas or board presentations (Exs. A & C, RFPs 3, 4, 5).

**Improper Commingling of Funds**

Getty Images is also entitled to test Mr. O'Donoghue's assertions about the role of the U.S. entity and the financial relationship between the two companies. *See, e.g.*, *Wells Fargo Bank, N.A. v. Konover*, No. 3:05CV1924 CFD/WIG, 2009 WL 585430, at *11 (D. Conn. Mar. 4, 2009) (compelling production of documents concerning defendants' common funds as relevant to plaintiff's position that joint funds showed improper commingling and supported claims of undue domination or control and a lack of separate corporate existence); *Mikola v. Penn Lyon Homes, Inc.*, No. 4:CV-07-0612, 2008 WL 11370035, at *1–2 (M.D. Pa. May 13, 2008) (granting plaintiffs' motion to compel production of tax returns, income statements, financial statements, and schedule of assets as "relevant to [plaintiffs'] claims that [defendants] are . . . alter egos"). Specifically, Getty Images respectfully asks the Court order Defendants to answer discovery Getty Images' requests concerning:

- intercompany transfers, dividends, or payments (Ex. A, RFP 32; Ex. B, Interrogatories 11, 13, 14; Ex. C, RFP 23; Ex. D, Interrogatories 3, 5);
- financial statements and annual reports (Ex. A, RFP 12; Ex. C, RFP 13 and 16); and
- pitch and solicitation documents, including for the $75 million raised by Stability AI, Inc. in 2022 (Ex. A, RFPs 19 and 20; Ex. C, RFP 24 and 25; Ex. D, Interrogatory 4).

**III.     The Court Should Compel Discovery Regarding Jurisdictional Contacts in the U.S.**

As alleged in the Amended Complaint, Stability AI, Ltd. operates a website that is accessible to internet users in Delaware and elsewhere in the United States. D.I. 13 ¶ 22. But it has refused to respond to Interrogatory Nos. 2, which seeks information about the U.S. locations of downloads or access to Defendants' programs, nor has it confirmed whether that information exists. During the meet-and-confer process, Getty Images has repeatedly asked for different ways that this information may be extrapolated, for example, through the addresses associated with credit card purchases of Defendants' programs, but Defendants have refused to provide this basic information. Because Stability AI, Ltd. not only claims that it lacks sufficient contacts with Delaware, but also seeks to choose its own forum through its request for a transfer to the Northern District of California, Defendants should be compelled to provide responsive information, if any exists, regarding the extent of its users in the U.S. on a state-by-state basis.

\*     \*     \*

Defendants should be compelled to answer the interrogatories and provide documents responsive to the requests identified above within seven (7) days of a decision on this motion and to thereafter make a witness available for deposition on a mutually convenient date for the parties within ten (10) days after completing their production of the additional discovery. Getty Images further requests that the Court extend the deadline for Getty Images' answering brief in opposition to the motion to dismiss until thirty (30) days after the Court's order on this discovery dispute. A proposed order is submitted herewith.

Respectfully submitted,

/s/ Robert M. Vrana<br>Robert M. Vrana (No. 5666)

cc: All Counsel of Record (via e-mail)