# EXHIBIT A

**(Redacted)**

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GETTY IMAGES (US), INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-135 (GBW) |
| | ) | |
| STABILITY AI, LTD. and | ) | |
| STABILITY AI, INC., | ) | |
| | ) | |
| Defendants. | | |

**STABILITY AI LTD.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFF'S JURISDICTIONAL REQUESTS
FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

of Civil Practice and Procedure of the United States District Court for the District of Delaware,

Defendant Stability AI Ltd. ("Stability UK"), by and through its undersigned attorneys, hereby

submits these Responses and Objections (the "Responses and Objections") to Plaintiff's

Jurisdictional Requests for the Production of Documents to Defendant Stability AI Ltd.

("Requests"), dated May 11, 2023, in the above-captioned action (the "Action") as follows:

**GENERAL OBJECTIONS**

1.     Stability UK objects to the Requests, and to each and every instruction and

definition therein, on the grounds that the Court does not have personal jurisdiction over it, as set

forth in Stability UK's pending Motion to Dismiss or Transfer this Action (ECF No. 16).  Stability

UK further objects to the Interrogatories, and to each and every instruction and definition therein,

on the grounds that Getty Images (US), Inc. ("Getty Images") has not pled "with reasonable

particularity" factual allegations showing that Stability UK might have the necessary contacts with

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

the Delaware forum to establish personal jurisdiction, making jurisdictional discovery improper. *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 259 (3d Cir. 2022) ("A plaintiff cannot show up in court with bare allegations and force defendants to start handing over evidence. Rather, jurisdictional discovery is appropriate when the plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state.") (cleaned up). Stability UK further objects to the Requests as premature, as the parties have not yet engaged in a Fed. R. Civ. P. 26(f) conference, the discovery phase of this action has not yet begun, and the Court has not ordered or otherwise authorized the parties to engage in any preliminary discovery. The production of any documents or information is not a waiver of such objections or representation that Stability UK agrees that Getty Images has sufficiently pleaded the possible existence of the requisite contacts, that the Court may properly exercise personal jurisdiction over it in this action, or that any jurisdictional discovery is necessary or appropriate. Stability UK reserves the right to rescind, revise, supplement, amend, or otherwise modify these Responses and Objections in light of any Court order regarding jurisdictional discovery or Stability UK's pending Motion to Dismiss or Transfer this Action.

2.      Stability UK provides these Responses only as the Requests may relate to the limited issue of personal jurisdiction over Stability UK. To the extent this action proceeds to the discovery phase and Plaintiff continues to seek documents in response to the Requests, Stability UK reserves its rights to amend or supplement these Responses and/or further object and respond to the Requests on additional grounds.

3.      Stability UK objects to the Requests, and to each and every instruction and definition therein, to the extent they purport to impose obligations greater than those allowed under, or that are inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of Civil

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

Practice and Procedure of the United States District Court for the District of Delaware, or any other applicable rules or law governing the scope of discovery (the "Applicable Rules").

4.       Stability UK objects to the Requests, and to each and every instruction and definition therein, to the extent they are vague, ambiguous, overly broad, duplicative, unduly burdensome, or seek documents or information that is not relevant or proportional to the limited issue of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

5.       Stability UK objects to the Requests, and to each and every instruction and definition therein, to the extent they purport to require the disclosure of information that Stability UK is restricted from disclosing by law or by contract.  Stability UK further objects to the Requests, and to each and every instruction and definition therein, to the extent they seek the production of documents and communications that contain attorney-client communications, are protected by the attorney-client privilege or the work-product privilege, contain trade secrets and or proprietary business information, are prohibited from disclosure by the European General Data Protection Regulation (2016/679) (the "GDPR") or other European data privacy laws, would impinge on privacy rights of non-parties, or are otherwise protected from disclosure under applicable laws or rules (collectively, "Protected Information").  Any inadvertent disclosure of Protected Information in response to a Request will not be deemed a waiver of any such privileges or protections for that document or for the class or category of documents from which it has been drawn.  Stability UK reserves the right to obtain the return of such information and prohibit its use in any manner.  Stability UK hereby requests the return of any Protected Information that is inadvertently produced and reserves the right to object to the disclosure or use of such Protected Information at any stage of the Action or any other proceedings.

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

6.      Stability UK objects to the Requests, and to each and every instruction and definition therein, to the extent that they purport to seek documents not in Stability UK's possession, custody, or control, that are publicly available, or that are equally available to Plaintiff or already in Plaintiff's possession.

7.      Stability UK objects to the Requests, and to each and every instruction and definition therein, to the extent they request production of "all" or "any" documents or information when a lesser subset of documents or information would be sufficient to show the pertinent information, or where only a lesser subset is relevant to the claims or defenses in this action, on the grounds that such Requests are overly broad, unduly burdensome, and not proportional to the needs of the case.

8.      Stability UK objects to the Requests, and to each and every instruction and definition therein, to the extent they purport to require Stability UK to perform anything more than a reasonable and diligent search for documents where responsive documents reasonably would be expected to be found on the grounds that such Requests are overly broad, unduly burdensome, not proportional to the needs of the case.

9.      Stability UK objects to the Requests, and to each and every instruction and definition therein, to the extent that they inquire into matters beyond the scope of disclosure permitted under Fed. R. Civ. P. 26.

10.      Stability UK objects to the Requests, and to each and every instruction and definition therein, to the extent that they are duplicative or cumulative.

11.      Stability UK objects to the Requests, and to each and every instruction and definition therein, to the extent that they call for the creation of new documents, reports, spreadsheets or data compilations.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

12.     Stability UK objects to the Requests, and to each and every instruction and definition therein, to the extent that they incorporate purported facts.  Stability UK does not adopt or confirm the accuracy of any purported facts so incorporated.

13.     Stability UK objects to the Requests, and to each and every instruction and definition therein, to the extent that they call for the production of electronically stored information from sources that are not reasonably accessible or where retrieval of such material is unduly burdensome, including but not limited to the production of electronically stored information from legacy systems, from sources that are maintained for disaster recovery purposes, or from sources that are not reasonably believed to contain unique non-duplicative information.

14.     No objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed (i) an admission by Stability UK as to the existence or non-existence of documents or information requested; (ii) an admission that documents are within Stability UK's possession, custody or control; (iii) an admission that documents are relevant or admissible in connection with any trial, hearing, motion, or other proceeding in this action or any other action; or (iv) a waiver of Stability UK's right to assert such objection or limitation at any future time in connection with the Requests or otherwise.

15.     Stability UK expressly reserves all further objections as to the competency, relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Requests, as well as the right to object to further discovery relating to the subject matter of any information provided, including the right to move the Court to quash the Requests or for a protective order.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**OBJECTIONS TO DEFINITIONS**

16.     Stability UK objects to the "Definitions" insofar as they incorporate purported facts.  Stability UK does not adopt or confirm the accuracy of any purported facts incorporated in any of the Definitions.

17.     Stability UK objects to Plaintiff's definition of "Stability AI, Inc." to the extent it imposes duties on or would require the discovery of information from Persons that are not reasonably within the scope of discovery or subject to discovery obligations.  For purposes of its responses, Stability UK understands "Stability AI, Inc." to mean Stability AI, Inc.

18.     Stability UK objects to Plaintiff's definition of "You," and "Your" to the extent it imposes duties on or would require the discovery of information from Persons that are not reasonably within the scope of discovery or subject to discovery obligations.  For purposes of its responses, Stability UK understands "Stability AI, Ltd.," "You," and "Your" to mean Stability AI Ltd.

**OBJECTIONS TO INSTRUCTIONS**

19.     Stability UK objects to Instruction Nos. 2, 3, 4, 5, and 6 to the extent that they purport to seek the production of original documents and/or documents, including electronically stored information, in a particular form or in more than one form and to the extent that they purport to impose requirements (including the provision of details regarding documents) that are greater than or different from those required by the Applicable Rules.  Stability UK will produce documents in a reasonable format consistent with District of Delaware practice or as otherwise agreed upon with Plaintiff.

20.     Stability UK objects to Instruction Nos. 10, 11, and 12 to the extent that they purport to impose a duty of supplementation or purport to require the production of documents for

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

an extended and open-ended period of time.   Notwithstanding, Stability UK reserves the right to modify, supplement, or amend any or all of these responses and objections, if necessary or appropriate, and to produce additional responsive, non-privileged documents, if they are located. Any supplemental production by Stability UK in response to the Requests is not an acknowledgement of any duty of supplementation.

<strong>SPECIFIC OBJECTIONS AND RESPONSES</strong>

**RFP NO. 1:**

Documents sufficient to show Stability AI, Ltd.'s corporate structure since its founding.

**RESPONSE TO RFP NO. 1:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.

Subject to, and without waiving, the foregoing objections, Stability UK will produce ███████ ████████████████████████████████████████████████████████████████ ████████

**RFP NO. 2:**

Documents sufficient to show Stability AI, Ltd.'s capital structure since its founding.

**RESPONSE TO RFP NO. 2:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

**RFP NO. 3:**

All Stability AI, Ltd. shareholder meeting minutes.

**RESPONSE TO RFP NO. 3:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK. Additionally, this Request does not attempt any level of proportionality, and broadly seeks "[a]ll" shareholder meeting minutes.

**RFP NO. 4:**

Invitations and agendas for all Stability AI, Ltd. shareholder meetings.

**RESPONSE TO RFP NO. 4:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability UK also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words "invitations" and "agendas." Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK. Additionally, this Request does not attempt any level of proportionality, and broadly seeks "all" invitations and agendas for shareholder meetings.

**RFP NO. 5:**

All Stability AI, Ltd. board minutes and board or corporate resolutions and presentations.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO RFP NO. 5:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK. Additionally, this Request does not attempt any level of proportionality, and broadly seeks "[a]ll" board minutes and board or corporate resolutions and presentations.

**RFP NO. 6:**

Documents sufficient to show Stability AI, Ltd.'s management organizational structure and any changes thereto since its founding.

**RESPONSE TO RFP NO. 6:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability UK also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "management organizational structure." Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 7:**

All Documents concerning the formation of Stability AI, Inc.

9

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO RFP NO. 7:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "concerning the formation."  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.  Stability UK additionally objects to this Request on the ground that it seeks documents not within Stability UK's possession, custody, or control.

**RFP NO. 8:**

All Documents concerning the formation of Stability AI US Services Corporation.

**RESPONSE TO RFP NO. 8:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "concerning the formation."  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.  Stability UK additionally objects to this Request on the ground that it seeks documents not within Stability UK's possession, custody, or control.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RFP NO. 9:**

All Documents concerning the corporate relationship between and among Stability AI, Inc. and Stability AI, Ltd., including how decisions and business plans are made and sharing of resources such as office space.

**RESPONSE TO RFP NO. 9:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability UK also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "all document concerning the corporate relationship." Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court my properly exercise personal jurisdiction over Stability UK.

**RFP NO. 10:**

All Documents concerning the corporate relationship between and among Stability AI, Ltd. and Stability AI US Services Corporation, including how decisions and business plans are made and sharing of resources such as office space.

**RESPONSE TO RFP NO. 10:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability UK also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "all document concerning the corporate relationship." Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 11:**

Any indemnification agreements, guarantees, recourse documents, and/or obligations between and/or among Stability AI, Inc. and Stability AI, Ltd.

**RESPONSE TO RFP NO. 11:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words "recourse documents" and "obligations."  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 12:**

Stability AI, Ltd.'s monthly financial statements.

**RESPONSE TO RFP NO. 12:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 13:**

Stability AI, Ltd.'s quarterly and yearly budgets.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO RFP NO. 13:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 14:**

Documents sufficient to show all of Stability AI, Ltd.'s current and historical operating expenses.

**RESPONSE TO RFP NO. 14:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 15:**

All annual reports for Stability AI, Ltd.

**RESPONSE TO RFP NO. 15:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability UK will produce ■

■

**RFP NO. 16:**

All articles of incorporation, operating agreements, corporate policies, and bylaws for

Stability AI, Ltd.

**RESPONSE TO RFP NO. 16:**

Stability UK hereby incorporates its General Objections set forth above as though fully set

forth herein.  Stability UK also objects to this Request on the grounds that it is vague, ambiguous,

and/or does not reasonably identify the information sought, specifically with respect to its use of

the phrases "operating agreements" and "corporate policies."  Stability UK further objects to this

Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or

proportional to the need of discovering evidence relevant to the limited purpose of determining

whether the Court may properly exercise personal jurisdiction over Stability UK..

Subject to, and without waiving, the foregoing objections, Stability UK will produce ■

■

**RFP NO. 17:**

All filings made by or on behalf of Stability AI, Ltd. with any governmental or regulatory

agency in the United States, including tax returns and applications for a business license.

**RESPONSE TO RFP NO. 17:**

Stability UK hereby incorporates its General Objections set forth above as though fully set

forth herein.  Stability UK also objects to this Request on the grounds that it is vague, ambiguous,

and/or does not reasonably identify the information sought, specifically with respect to its use of

the words "filings . . . with any governmental or regulatory agency" and "disclosures."  Stability

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, based on its investigation to date, Stability UK responds that ████████████████████████████████████████ ████████████████████████████████████

**RFP NO. 18:**

Copies of all agreements entered into between Stability AI, Ltd. and a counterparty located in the United States, including but not limited to employment agreements, supercomputer contracts, commercial agreements, sales contracts, and other agreements that are required for the day-to-day operations of the Company.

**RESPONSE TO RFP NO. 18:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words "located in the Unites States."  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.  Stability UK further objects to this Request to the extent it seeks third-party confidential information.

Subject to, and without waiving, the foregoing objections, Stability UK ████████████ ████████████████████████████████████

15

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

## RFP NO. 19:

All written materials Stability AI, Ltd. has provided to potential investors, including pitch decks.

## RESPONSE TO RFP NO. 19:

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.  Additionally, this Request does not attempt any level of proportionality, and broadly seeks "[a]ll written materials provided to potential investors."

## RFP NO. 20:

Documents sufficient to identify the manner in which Stability AI, Ltd. solicited potential investors, including the locations of any meetings with potential investors in the United States.

## RESPONSE TO RFP NO. 20:

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.]

## RFP NO. 21:

Documents sufficient to show the identity of any and all of Your employees, officers, or directors based in the United States and the location(s) in the United States from which they have worked for You.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO RFP NO. 21:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability UK ███████████ ████████████████████████████████████

**RFP NO. 22:**

To the extent not covered by the preceding request, Documents sufficient to show the identify of any and all of Your employees, officers, or directors who have provided services to You or performed work for You in the United States and the location(s) in the United States from which they have done so.

**RESPONSE TO RFP NO. 22:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Request on that grounds that it is duplicative of RFP No. 21.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RFP NO. 23:**

Documents sufficient to show the location of each computer server within the United States that is owned, leased, operated, or accessed by Stability AI, Ltd. in the day-to-day operation of its business.

**RESPONSE TO RFP NO. 23:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words "operated," "accessed," and "day-to-day operation." Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability UK ███████████████
███████████████████████████████████

**RFP NO. 24:**

Documents sufficient to identify, by name and location, any Person within the United States that hosts the code base for Stable Diffusion.

**RESPONSE TO RFP NO. 24:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability UK also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "hosts the code base." Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 25:**

Documents sufficient to identify, by name and location, any officer, director, employee, agent, or representative of Stability AI, Ltd. who has accessed the www.gettyimages.com website from within the United States.

**RESPONSE TO RFP NO. 25:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Request on the grounds that it seeks documents and information not within Stability UK's possession, custody, or control.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 26:**

All Communications sent by Stability AI, Ltd. to a Person that is located, incorporated, or has its principal place of business in Delaware (other than Communications with its counsel of record in relation this Action).

**RESPONSE TO RFP NO. 26:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RFP NO. 27:**

All Documents that evidence or concern any travel by any officer, director, employee, agent, or representative of Stability AI, Ltd. into or within the State of Delaware.

**RESPONSE TO RFP NO. 27:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words and phrases "any travel" and "representative."  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability UK ███████████

████████████████████████

**RFP NO. 28:**

All Documents that constitute, evidence, refer, or relate to communications between Stability AI, Ltd. and Stability AI, Inc. or any other corporate affiliate concerning activities in Delaware.

**RESPONSE TO RFP NO. 28:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US further objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "activities in Delaware."  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need

♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦

of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 29:**

All Documents concerning any business activity or business transactions conducted by or on behalf of Stability AI, Ltd. involving Persons domiciled in Delaware or assets located in Delaware.

**RESPONSE TO RFP NO. 29:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US further objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrases "business activity" and "business transaction."  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 30:**

Documents sufficient to show all financial accounts maintained by Stability AI, Ltd. and the location of the institutions with which Stability AI, Ltd. has an account.

**RESPONSE TO RFP NO. 30:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

Subject to, and without waiving, the foregoing objections, Stability UK responds that █

███████████████████████████████████████████████████████████

████████████████████████

## SUPPLEMENTAL AND AMENDED RESPONSE TO RFP NO. 30

Subject to, and without waiving, its objections, Stability UK states that ████████

███████████████████████████████████████████████████████████

## RFP NO. 31:

All Documents concerning whether or the extent to which Stability AI, Ltd. has access to, or control over, any financial accounts held in the name of Stability AI, Inc.

## RESPONSE TO RFP NO. 31:

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "the extent to which Stability AI, Ltd. has access to, or control over."  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

## RFP NO. 32:

Documents sufficient to show all funds or assets provided by Stability AI, Inc. to Stability AI, Ltd. and vice versa.

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

**RESPONSE TO RFP NO. 32:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 33:**

Documents sufficient to show any and all instances in which Stability AI, Ltd. required approval from Stability AI, Inc. in order for Stability AI, Ltd. to take action or abstain from acting, and vice versa.

**RESPONSE TO RFP NO. 33:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the word "approval."  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 34:**

Documents sufficient to show any and all instances in which Stability AI, Ltd. unilaterally controlled or dictated the action or inaction of Stability AI, Inc., or had the sole discretion to control or dictate the action or inaction of Stability AI, Inc., and vice versa.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO RFP NO. 34:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "approve or disapprove of any action or inaction."  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK..

**RFP NO. 35:**

Documents sufficient to show whether or the extent to which Stability AI, Ltd. and Stability AI, Inc. share or have shared physical office space, storage of records or information, operation of payroll, coverage by an insurance plan, or other matters of business administration.

**RESPONSE TO RFP NO. 35:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "business administration."  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 36:**

All documents relied upon in responding to Plaintiff's Jurisdictional Interrogatories to Defendant Stability AI, Ltd.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO RFP NO. 36:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Request to the extent that it seeks documents or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery.  Stability UK further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.


Dated:  July 7, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*s/ Paul M. Schoenhard*
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Defendant Stability AI Ltd.*

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

OF COUNSEL:

Nicole M. Jantzi
Paul M. Schoenhard
FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
801 17th Street NW
Washington, DC 20006
(202) 639-7000

-and-

Amir R. Ghavi
Michael C. Keats
Nicholas D. Winkley
FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
One New York Plaza
New York, New York 10004
(212) 859-8000

# EXHIBIT B

**(Redacted)**

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GETTY IMAGES (US), INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-135 (GBW) |
| | ) | |
| STABILITY AI, LTD. and | ) | |
| STABILITY AI, INC., | ) | |
| | ) | |
| Defendants. | | |

## STABILITY AI LTD.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S JURISDICTIONAL INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, Defendant Stability AI Ltd. ("Stability UK"), by and through its undersigned attorneys, hereby submits these Responses and Objections (the "Responses and Objections") to Plaintiff's Jurisdictional Interrogatories to Defendant Stability AI Ltd. ("Interrogatories"), dated May 11, 2023, in the above-captioned action (the "Action") as follows:

### GENERAL OBJECTIONS

1.      Stability UK objects to the Interrogatories, and to each and every instruction and definition therein, on the grounds that the Court does not have personal jurisdiction over it, as set forth in Stability UK's pending Motion to Dismiss or Transfer this Action (ECF No. 16). Stability UK further objects to the Interrogatories, and to each and every instruction and definition therein, on the grounds that Getty Images (US), Inc. ("Getty Images") has not pled "with reasonable particularity" factual allegations showing that Stability UK might have the necessary contacts with

1

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

the Delaware forum to establish personal jurisdiction, making jurisdictional discovery improper. *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 259 (3d Cir. 2022) ("A plaintiff cannot show up in court with bare allegations and force defendants to start handing over evidence.  Rather, jurisdictional discovery is appropriate when the plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state.") (cleaned up).  Stability UK further objects to the Interrogatories as premature, as the parties have not yet engaged in a Fed. R. Civ. P. 26(f) conference, the discovery phase of this action has not yet begun, and the Court has not ordered or otherwise authorized the parties to engage in any preliminary discovery.  The disclosure of any information is not a waiver of such objections or representation that Stability UK agrees that Getty Images has sufficiently pleaded the possible existence of the requisite contacts, that the Court may properly exercise personal jurisdiction over it in this action, or that any jurisdictional discovery is necessary or appropriate.  Stability UK reserves the right to rescind, revise, supplement, amend, or otherwise modify these Responses in light of any Court order regarding jurisdictional discovery or Stability UK's pending Motion to Dismiss or Transfer this Action.

2. Stability UK provides these Responses only as the Interrogatories may relate to the limited issue of personal jurisdiction over Stability UK.  To the extent the Court determines it may properly exercise personal jurisdiction over Stability UK and this action proceeds to the discovery phase and Plaintiff continues to seek information in response to the Interrogatories, Stability UK reserves its rights to amend or supplement these Responses and/or further object and respond to the Interrogatories on additional grounds.

3. Stability UK objects to the Interrogatories, and to each and every instruction and definition therein, to the extent they purport to impose obligations greater than those allowed

2

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

under, or that are inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of Civil

Practice and Procedure of the United States District Court for the District of Delaware, or any other

applicable rules or law governing the scope of discovery (the "Applicable Rules").

4.       Stability UK objects to the Interrogatories, and to each and every instruction and

definition therein, to the extent they are vague, ambiguous, overly broad, duplicative, unduly

burdensome, or seek information that is not relevant to the limited issue of determining whether

the Court may properly exercise personal jurisdiction over Stability UK.

5.       Stability UK objects to the Interrogatories, and to each and every instruction and

definition therein, pursuant to Fed. R. Civ. P. 33 (a)(1), to the extent Plaintiff has exceeded a total

of 25 interrogatories, taking into account all discrete subparts.  To the extent the Court determines

it may properly exercise personal jurisdiction over Stability UK and this action proceeds to the

merits discovery phase, Stability UK objects to any interrogatories in excess of the 25-

interrogatory limit, and these Interrogatories, including all discrete subparts, should be counted

against the 25-interrogatory limit.

6.       Stability UK objects to the Interrogatories, and to each and every instruction and

definition therein, to the extent they purport to require the disclosure of information that Stability

UK is restricted from disclosing by law or by contract.  Stability UK further objects to the

Interrogatories, and to each and every instruction and definition therein, to the extent they seek the

production of documents and communications that contain attorney-client communications, are

protected by the attorney-client privilege or the work-product privilege, contain trade secrets and

or proprietary business information, are prohibited from disclosure by the European General Data

Protection Regulation (2016/679) (the "GDPR") or other European data privacy laws, would

impinge on privacy rights of non-parties, or are otherwise protected from disclosure under

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

applicable laws or rules (collectively, "Protected Information").  Any inadvertent disclosure of Protected Information in response to an Interrogatories will not be deemed a waiver of any such privileges or protections for that document or for the class or category of documents from which it has been drawn.  Stability UK reserves the right to obtain the return of such information and prohibit its use in any manner.  Stability UK hereby requests the return of any Protected Information that is inadvertently produced and reserves the right to object to the disclosure or use of such Protected Information at any stage of the Action or any other proceedings.

7.      Stability UK objects to the Interrogatories, and to each and every instruction and definition therein, to the extent that they purport to seek information not in Stability UK's possession, custody, or control, that is publicly available, or that is equally available to Plaintiff or already in Plaintiff's possession.

8.      Stability UK objects to the Interrogatories, and to each and every instruction and definition therein, to the extent they request production of "all" or "any" documents or information when a lesser subset of documents or information would be sufficient to show the pertinent information, or where only a lesser subset is relevant to the claims or defenses in this action, on the grounds that such Interrogatories are overly broad, unduly burdensome, and not proportional to the needs of the case.

9.      Stability UK objects to the Interrogatories, and to each and every instruction and definition therein, to the extent they purport to require Stability UK to perform anything more than a reasonable and diligent search for information where the information reasonably would be expected to be found on the grounds that such Interrogatories are overly broad, unduly burdensome, not proportional to the needs of the case.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

10.     Stability UK objects to the Interrogatories, and to each and every instruction and definition therein, to the extent that they inquire into matters beyond the scope of disclosure permitted under Fed. R. Civ. P. 26.

11.     Stability UK objects to the Interrogatories, and to each and every instruction and definition therein, to the extent that they are duplicative or cumulative.

12.     Stability UK objects to the Interrogatories, and to each and every instruction and definition therein, to the extent that they call for the creation of new documents, reports, spreadsheets or data compilations.

13.     Stability UK objects to the Interrogatories, and to each and every instruction and definition therein, to the extent that they incorporate purported facts.  Stability UK does not adopt or confirm the accuracy of any purported facts so incorporated.

14.     Stability UK objects to the Interrogatories, and to each and every instruction and definition therein, to the extent that they call for the production of electronically stored information from sources that are not reasonably accessible or where retrieval of such material is unduly burdensome, including but not limited to the production of electronically stored information from legacy systems, from sources that are maintained for disaster recovery purposes, or from sources that are not reasonably believed to contain unique non-duplicative information.

15.     No objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed (i) an admission by Stability UK as to the existence or non-existence of documents or information requested; (ii) an admission that information or documents are within Stability UK's possession, custody or control; (iii) an admission that documents or information are relevant or admissible in connection with any trial, hearing, motion, or other proceeding in this action or

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

any other action; or (iv) a waiver of Stability UK's right to assert such objection or limitation at any future time in connection with the Requests or otherwise.

16.     Stability UK expressly reserves all further objections as to the competency, relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatories, as well as the right to object to further discovery relating to the subject matter of any information provided, including the right to move the Court to quash the Interrogatories or for a protective order.

<u>**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**</u>

17.     Stability UK objects to the "Definitions and Instructions" insofar as they incorporate purported facts.  Stability UK does not adopt or confirm the accuracy of any purported facts incorporated in any of the Definitions.

18.     Stability UK objects to Plaintiff's definition of "Stability AI, Inc." to the extent it imposes duties on or would require the discovery of information from Persons that are not reasonably within the scope of discovery or subject to discovery obligations.  For purposes of its responses, Stability UK understands "Stability AI, Inc." to mean Stability AI, Inc.

19.     Stability UK objects to Plaintiff's definition of "You," and "Your" to the extent it imposes duties on or would require the discovery of information from Persons that are not reasonably within the scope of discovery or subject to discovery obligations.  For purposes of its responses, Stability UK understands "Stability AI, Ltd.," "You," and "Your" to mean Stability AI Ltd.

<u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

The following specific objections and responses are made based on Stability UK's investigation to date and Stability UK's current information and belief.  Subject to its objections,

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

Stability UK is continuing to investigate the matters set forth in these Interrogatories and reserves the right to supplement and/or amend its responses if and as additional or different information comes to light or as otherwise contemplated by Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 1:**

Identify Stability AI, Ltd.'s date of incorporation, principal place of business, and each location where Stability Ltd. maintains or has maintained offices.

**RESPONSE TO INTERROGATORY NO. 1:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.

Subject to, and without waiving, the foregoing objections, Stability UK responds as follows:



**INTERROGATORY NO. 2:**

On a state-by-state basis, for each state in the United States, identify the total number of times that a Person has:

a)  downloaded Stable Diffusion;

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

    b)  accessed Stable Diffusion or DreamStudio;

    c)  created a DreamStudio account; and

    d)  purchased a DreamStudio image.

## RESPONSE TO INTERROGATORY NO. 2:

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.  Stability UK further objects to this Interrogatory on the grounds that it seeks information not within Stability UK's possession, custody, or control. Moreover, rather than any kind of targeted approach, this Interrogatory broadly seeks a 50-state survey.

## INTERROGATORY NO. 3:

On a state-by-state basis, provide an accounting of the total revenue received by Stability AI, Ltd. from Persons or accounts located in, or as a result of business activities undertaken in, each state in the United States.

## RESPONSE TO INTERROGATORY NO. 3:

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrases "accounts," "located in," "business activities," and "undertaken in." Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability UK responds as follows:

Stability UK is continuing to investigate the matters set forth in this Interrogatory, and may supplement its response in accordance with Fed. R. Civ. P. 26(e).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Subject to, and without waiving, its objections, Stability UK further responds as follows:



♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦



♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

Stability UK is continuing to investigate the matters set forth in this Interrogatory, and may supplement its response in accordance with Fed. R. Civ. P. 26(e).

## INTERROGATORY NO. 4:

Provide the locations for all servers located in the United States that are owned, operated, maintained or otherwise utilized by Stability AI, Ltd.

## RESPONSE TO INTERROGATORY NO. 4:

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words "operated," "maintained," and "otherwise utilized."  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability UK responds as follows:

█████████████████████████████████████████

████████████████████████████████████████████

████████████████████

Stability UK is continuing to investigate the matters set forth in this Interrogatory, and may supplement its response in accordance with Fed. R. Civ. P. 26(e).

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

**INTERROGATORY NO. 5:**

Identify any and all contracts Stability AI, Ltd. has entered with a Person based in the United States, including the counterparty, the location of the counterparty, and the nature of the agreement.

**RESPONSE TO INTERROGATORY NO. 5:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "based in the United States."  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability UK responds as follows:



**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**



Stability UK is continuing to investigate the matters set forth in this Interrogatory, and this answer is subject to its further and continuing investigation. Stability may supplement its response in accordance with Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 6:**

Provide a detailed description of Stability AI, Ltd.'s role in the marketing and distribution of Stable Diffusion or DreamStudio, or any related product or offering, in the United States.

**RESPONSE TO INTERROGATORY NO. 6:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability UK also objects to this Interrogatory on the grounds that it is vague,

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "role in the marketing and distribution." Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability UK responds as follows:

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████

**INTERROGATORY NO. 7:**

Provide a detailed description of Stability AI, Ltd.'s role in the ownership or operation of Stable Diffusion or DreamStudio, or any related product or offering.

**RESPONSE TO INTERROGATORY NO. 7:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability UK also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "role in the ownership or operation." Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**INTERROGATORY NO. 8:**

Provide the names and positions held for all officers and directors for Stability AI, Ltd. since its founding.

**RESPONSE TO INTERROGATORY NO. 8:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the word "officers."  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability UK responds as follows:

██████████████████████████████████████████████████

████████████████████████████████████

**INTERROGATORY NO. 9:**

For each officer and director identified in response to Interrogatory No. 8, identify each Person that paid or otherwise provided remuneration to each officer and director in connection with their role as officer or director of Stability AI, Ltd.

**RESPONSE TO INTERROGATORY NO. 9:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

to its use of the phrase "paid or otherwise provided remuneration." Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**INTERROGATORY NO. 10:**

Identify each person affiliated or associated with Stability AI, Ltd. (including directors, officers, employees, financial advisors, bankers, tax advisors, attorneys, agents, or consultants) who was involved in the formation of Stability AI, Inc. and provide a brief description of their role.

**RESPONSE TO INTERROGATORY NO. 10:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability UK also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrases "affiliated or associated with" and "involved in the formation of." Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK. Stability UK additionally objects to this Interrogatory on the grounds that it seeks information beyond Stability UK's knowledge and not within Stability UK's possession, custody, or control.

**INTERROGATORY NO. 11:**

Identify the source of and authorization for all payments made by or on behalf of Stability AI, Ltd. in connection with the formation of Stability AI, Inc.

16

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO INTERROGATORY NO. 11:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words and phrases "source," "authorization," and "in connection with the formation of."  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**INTERROGATORY NO. 12:**

Identify each person affiliated or associated with Stability AI, Ltd. who has acted on behalf of Stability AI, Inc. and provide a description of such acts.

**RESPONSE TO INTERROGATORY NO. 12:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrases "affiliated or associated with" and "acted on behalf of."  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.  Stability UK additionally objects to this Interrogatory on the grounds that it seeks information beyond Stability UK's knowledge and not within Stability UK's possession, custody, or control.

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12

Subject to, and without waiving, its objections, Stability UK responds as follows:

## INTERROGATORY NO. 13:

Provide an accounting of all dividends or payments made by Stability AI, Ltd. to Stability AI, Inc.

## RESPONSE TO INTERROGATORY NO. 13:

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "an accounting of."  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

## INTERROGATORY NO. 14:

Identify all intercompany transfers between Stability AI, Ltd. and Stability AI, Inc.

## RESPONSE TO INTERROGATORY NO. 14:

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Interrogatory on the grounds that it is vague,

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "intercompany transfers." Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**INTERROGATORY NO. 15:**

Identify all contractual obligations undertaken by Stability AI, Ltd. for which Stability AI, Inc. is a guarantor.

**RESPONSE TO INTERROGATORY NO. 15:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**INTERROGATORY NO. 16:**

Identify all United States-based employees for Stability AI, Ltd. since Stability AI, Ltd. was founded, including job titles, the locations in which they were based and for how long they were based there, and descriptions of their responsibilities, both generally and in relation to the development, marketing, or distribution of Stable Diffusion and Dream Studio in particular.

**RESPONSE TO INTERROGATORY NO. 16:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering

19

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

evidence relevant to the limited purpose of determining whether the Court may properly exercise

personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability UK responds as

follows:



♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦



Stability UK is continuing to investigate the matters set forth in this Interrogatory, and this answer is subject to its further and continuing investigation.  Stability may supplement its response in accordance with Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 17:**

Identify any and all consultants or sales agents Stability AI, Ltd. has retained in the United States.

21

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO INTERROGATORY NO. 17:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words and phrases "consultants" and "sales agents."  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability UK responds as follows:

██████████████████████████████

Stability UK is continuing to investigate the matters set forth in this Interrogatory, and this answer is subject to its further and continuing investigation.  Stability may supplement its response in accordance with Fed. R. Civ. P. 26(e).

**INTERROGATORY NO. 18:**

Identify all U.S.-based suppliers to Stability AI, Ltd., including their locations, the nature of the goods or services supplied, and the amount Stability AI, Ltd. has spent on each supplier's goods or services.

**RESPONSE TO INTERROGATORY NO. 18:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the word "suppliers."  Stability UK further objects to this Interrogatory on the grounds

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**INTERROGATORY NO. 19:**

Identify each person affiliated or associated with Stability AI, Ltd. who has traveled to or within the State of Delaware in connection with their work for either Stability AI, Inc. or Stability AI, Ltd. and the reason for their presence in Delaware.

**RESPONSE TO INTERROGATORY NO. 19:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the word "in connection with."  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability UK responds as follows:

███████████████████████████████████████████████████

████████████████████████████████████

**INTERROGATORY NO. 20:**

Identify any and all accounts maintained by Stability AI, Ltd. (either individually or together with any other Person) at any point in time at any Delaware financial institution, including any bank, savings and loan associations, brokerage and/or investment firms, wherever situated,

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

and for each account identified, provide the date the account was opened and the current balance as of the date of Your response or, if applicable, the date on which the account was closed.

**RESPONSE TO INTERROGATORY NO. 20:**

 Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

 Subject to, and without waiving, the foregoing objections, Stability UK responds as follows:

███████████████████████████████████████████

████████████████████

**INTERROGATORY NO. 21:**

 Identify any stock or other interest held by Stability AI, Ltd. in any incorporated or unincorporated businesses, partnerships, joint venture or other entity resident in Delaware or formed under the laws of Delaware.

**RESPONSE TO INTERROGATORY NO. 21:**

 Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

Subject to, and without waiving, the foregoing objections, Stability UK responds as follows:

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████

**INTERROGATORY NO. 22:**

Describe the corporate function of Stability AI US Services Corporation, and the circumstances that led to its incorporation.

**RESPONSE TO INTERROGATORY NO. 22:**

Stability UK hereby incorporates its General Objections set forth above as though fully set forth herein. Stability UK also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "corporate function." Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK. Stability UK additionally objects to this Interrogatory on the grounds that it seeks information beyond Stability UK's knowledge and not within Stability UK's possession, custody, or control.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

Dated:  July 7, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*s/ Paul M. Schoenhard*
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Defendant Stability AI Ltd.*

OF COUNSEL:

Nicole M. Jantzi
Paul M. Schoenhard
FRIED, FRANK, HARRIS, SHRIVER
    & JACOBSON LLP
801 17th Street NW
Washington, DC 20006
(202) 639-7000

-and-

Amir R. Ghavi
Michael C. Keats
Nicholas D. Winkley
FRIED, FRANK, HARRIS, SHRIVER
    & JACOBSON LLP
One New York Plaza
New York, New York 10004
(212) 859-8000

26

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

## <u>VERIFICATION</u>

I, Peter O'Donoghue, am the Chief Financial Officer and a member of the Board of Directors of Stability AI Ltd. ("Stability UK") and am authorized to make this Verification on behalf of Stability UK.  I have read the foregoing Supplemental Objections and Responses to Plaintiff's Jurisdictional Interrogatories.  The Supplemental Responses were prepared by or with the assistance of Stability UK and counsel.  My understanding is that, subject to inadvertent or undiscovered errors or omissions, these Supplemental Responses are based on records and information currently available.  Subject to the forgoing, I verify under penalty of perjury that the foregoing Supplemental Responses are true and correct based upon present information and belief.

Executed on July 7, 2023

 *s/ Peter O'Donoghue*_____
Peter O'Donoghue
*CFO*
*Stability AI Ltd.*

# EXHIBIT C

**(Redacted)**

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GETTY IMAGES (US), INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-135 (GBW) |
| | ) | |
| STABILITY AI, LTD. and | ) | |
| STABILITY AI, INC., | ) | |
| | ) | |
| Defendants. | | |

**STABILITY AI, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFF'S JURISDICTIONAL REQUESTS
FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

of Civil Practice and Procedure of the United States District Court for the District of Delaware,

Defendant Stability AI, Inc. ("Stability US"), by and through its undersigned attorneys, hereby

submits these Responses and Objections (the "Responses and Objections") to Plaintiff's

Jurisdictional Requests for the Production of Documents to Defendant Stability AI, Inc. (the

"Requests"), dated May 11, 2023, in the above-captioned action (the "Action") as follows:

**GENERAL OBJECTIONS**

1.      Stability US objects to the Requests, and to each and every instruction and

definition therein, on the grounds that Getty Images (US), Inc. ("Getty Images") has not pled "with

reasonable particularity" factual allegations showing that Stability UK might have the necessary

contacts with the Delaware forum to establish personal jurisdiction, making jurisdictional

discovery improper. *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 259 (3d Cir. 2022)

("A plaintiff cannot show up in court with bare allegations and force defendants to start handing

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

over evidence.  Rather, jurisdictional discovery is appropriate when the plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state.") (cleaned up).  Stability US further objects to the Requests, and to each and every instruction and definition therein, on the ground that they are premature, as the parties have not yet engaged in a Fed. R. Civ. P. 26(f) conference, the discovery phase of this action has not yet begun, and the Court has not ordered or otherwise authorized the parties to engage in any preliminary discovery.  The production of any documents or information is not a waiver of such objections or representation that Stability US agrees that Getty Images has sufficiently pleaded the possible existence of the requisite contacts with respect to Stability UK, that the Court may properly exercise jurisdiction over Stability UK in this action, or that any jurisdictional discovery is necessary or appropriate.  Stability US reserves the right to rescind, revise, supplement, amend, or otherwise modify these Responses and Objections in light of any Court order regarding jurisdictional discovery or Stability US's pending Motion to Dismiss or Transfer this Action (ECF No. 16).

2.      Stability US provides these Responses only as the Requests may relate to the limited issue of personal jurisdiction over Stability AI Ltd. ("Stability UK").  To the extent this action proceeds to the discovery phase and Plaintiff continues to seek documents in response to the Requests, Stability US reserves its rights to amend or supplement these Responses and/or further object and respond to the Requests on additional grounds.

3.      Stability US objects to the Requests, and to each and every instruction and definition therein, to the extent they purport to impose obligations greater than those allowed under, or that are inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of Civil

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

Practice and Procedure of the United States District Court for the District of Delaware, or any other applicable rules or law governing the scope of discovery (the "Applicable Rules").

       4.     Stability US objects to the Requests, and to each and every instruction and definition therein, to the extent they are vague, ambiguous, overly broad, duplicative, unduly burdensome, or seek documents or information that is not relevant to the limited issue of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

       5.     Stability US objects to the Requests, and to each and every instruction and definition therein, to the extent they purport to require the disclosure of information that Stability US is restricted from disclosing by law or by contract.  Stability US further objects to the Requests, and to each and every instruction and definition therein, to the extent they seek the production of documents and communications that contain attorney-client communications, are protected by the attorney-client privilege or the work-product privilege, contain trade secrets and or proprietary business information, are prohibited from disclosure by the European General Data Protection Regulation (2016/679) (the "GDPR") or other European data privacy laws, would impinge on privacy rights of non-parties, or are otherwise protected from disclosure under applicable laws or rules (collectively, "Protected Information").  Any inadvertent disclosure of Protected Information in response to a Request will not be deemed a waiver of any such privileges or protections for that document or for the class or category of documents from which it has been drawn.  Stability US reserves the right to obtain the return of such information and prohibit its use in any manner. Stability US hereby requests the return of any Protected Information that is inadvertently produced and reserves the right to object to the disclosure or use of such Protected Information at any stage of the Action or any other proceedings.

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

6.      Stability US objects to the Requests, and to each and every instruction and definition therein, to the extent that they purport to seek documents not in Stability US's possession, custody, or control, that are publicly available, or that are equally available to Plaintiff or already in Plaintiff's possession.

7.      Stability US objects to the Requests, and to each and every instruction and definition therein, to the extent they request production of "all" or "any" documents or information when a lesser subset of documents or information would be sufficient to show the pertinent information, or where only a lesser subset is relevant to the claims or defenses in this action, on the grounds that such Requests are overly broad, unduly burdensome, and not proportional to the needs of the case.

8.      Stability US objects to the Requests, and to each and every instruction and definition therein, to the extent they purport to require Stability US to perform anything more than a reasonable and diligent search for documents where responsive documents reasonably would be expected to be found on the grounds that such Requests are overly broad, unduly burdensome, not proportional to the needs of the case.

9.      Stability US objects to the Requests, and to each and every instruction and definition therein, to the extent that they inquire into matters beyond the scope of disclosure permitted under Fed. R. Civ. P. 26.

10.      Stability US objects to the Requests, and to each and every instruction and definition therein, to the extent that they are duplicative or cumulative.

11.      Stability US objects to the Requests, and to each and every instruction and definition therein, to the extent that they call for the creation of new documents, reports, spreadsheets or data compilations.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

12.     Stability US objects to the Requests, and to each and every instruction and definition therein, to the extent that they incorporate purported facts.  Stability US does not adopt or confirm the accuracy of any purported facts so incorporated.

13.     Stability US objects to the Requests, and to each and every instruction and definition therein,  to the extent that they call for the production of electronically stored information from sources that are not reasonably accessible or where retrieval of such material is unduly burdensome, including but not limited to the production of electronically stored information from legacy systems, from sources that are maintained for disaster recovery purposes, or from sources that are not reasonably believed to contain unique non-duplicative information.

14.     No objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed (i) an admission by Stability US as to the existence or non-existence of documents or information requested; (ii) an admission that documents are within Stability US's possession, custody or control; (iii) an admission that documents are relevant or admissible in connection with any trial, hearing, motion, or other proceeding in this action or any other action; or (iv) a waiver of Stability US's right to assert such objection or limitation at any future time in connection with the Requests or otherwise.

15.     Stability US expressly reserves all further objections as to the competency, relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Requests, as well as the right to object to further discovery relating to the subject matter of any information provided, including the right to move the Court to quash the Requests or for a protective order.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**OBJECTIONS TO DEFINITIONS**

16.     Stability US objects to the "Definitions" insofar as they incorporate purported facts. Stability US does not adopt or confirm the accuracy of any purported facts incorporated in any of the Definitions.

17.     Stability US objects to Plaintiff's definition of "Stability AI, Ltd." to the extent it imposes duties on or would require the discovery of information from Persons that are not reasonably within the scope of discovery or subject to discovery obligations.  For purposes of its responses, Stability US understands "Stability AI, Ltd." to mean Stability AI Ltd.

18.     Stability US objects to Plaintiff's definition of "You," and "Your" to the extent it imposes duties on or would require the discovery of information from Persons that are not reasonably within the scope of discovery or subject to discovery obligations.  For purposes of its responses, Stability US understands "Stability AI, Inc.," "You," and "Your" to mean Stability AI, Inc.

**OBJECTIONS TO INSTRUCTIONS**

19.     Stability US objects to Instruction Nos. 2, 3, 4, 5, and 6 to the extent that they purport to seek the production of original documents and/or documents, including electronically stored information, in a particular form or in more than one form and to the extent that they purport to impose requirements (including the provision of details regarding documents) that are greater than or different from those required by the Applicable Rules.  Stability US will produce documents in a reasonable format consistent with District of Delaware practice or as otherwise agreed upon with Plaintiff.

20.     Stability US objects to Instruction Nos. 10, 11, and 12 to the extent that they purport to impose a duty of supplementation or purport to require the production of documents for an

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

extended and open-ended period of time.   Notwithstanding, Stability US reserves the right to modify, supplement, or amend any or all of these responses and objections, if necessary or appropriate, and to produce additional responsive, non-privileged documents, if they are located. Any supplemental production by Stability US in response to the Requests is not an acknowledgement of any duty of supplementation.

## SPECIFIC OBJECTIONS AND RESPONSES

**RFP NO. 1:**

Documents sufficient to show Stability AI, Inc.'s corporate structure since its founding.

**RESPONSE TO RFP NO. 1:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.

Subject to, and without waiving, the foregoing objections, Stability US will produce ███████ ████████████████████████████████████████████████████████████ ████████

**RFP NO. 2:**

Documents sufficient to show Stability AI, Inc.'s capital structure since its founding.

**RESPONSE TO RFP NO. 2:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RFP NO. 3:**

All Stability AI, Inc. shareholder meeting minutes.

**RESPONSE TO RFP NO. 3:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.   Additionally, this Request does not attempt any level of proportionality, and broadly seeks "[a]ll" shareholder meeting minutes.

**RFP NO. 4:**

Invitations and agendas for all Stability AI, Inc. shareholder meetings.

**RESPONSE TO RFP NO. 4:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words "invitations" and "agendas."  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.  Additionally, this Request does not attempt any level of proportionality, and broadly seeks "all" invitations and agendas for shareholder meetings.

**RFP NO. 5:**

All Stability AI, Inc. board minutes and board or corporate resolutions and presentations.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO RFP NO. 5:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK. Additionally, this Request does not attempt any level of proportionality, and broadly seeks "[a]ll" board minutes and board or corporate resolutions and presentations.

**RFP NO. 6:**

Documents sufficient to show Stability AI, Inc.'s management organizational structure and any changes thereto since its founding.

**RESPONSE TO RFP NO. 6:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US further objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "management organizational structure."  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 7:**

Documents sufficient to identify all members of the "Stability AI corporate group" as that term is used in paragraph 13 of the May 2, 2023 Declaration of Peter O'Donaghue (D.I. 18).

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO RFP NO. 7:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability US will produce ████

████████████████████████████████████████████████████████████████

████████

**RFP NO. 8:**

All Documents concerning the formation of Stability AI, Inc.

**RESPONSE TO RFP NO. 8:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "concerning the formation."  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability US will produce ██

██████████████████████████████████████████████

**RFP NO. 9:**

All Documents concerning the formation of Stability AI US Services Corporation.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO RFP NO. 9:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "concerning the formation."  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability US will produce

████████████████████████████████████████████████

████████████████████

**RFP NO. 10:**

All Documents concerning the corporate relationship between and among Stability AI, Inc. and Stability AI, Ltd., including how decisions and business plans are made and sharing of resources such as office space.

**RESPONSE TO RFP NO. 10:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "concerning the corporate relationship."  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦

**RFP NO. 11:**

All Documents concerning the corporate relationship between and among Stability AI, Inc. and Stability AI US Services Corporation, including how decisions and business plans are made and sharing of resources such as office space.

**RESPONSE TO RFP NO. 11:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "concerning the corporate relationship."  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 12:**

Any indemnification agreements, guarantees, recourse documents, and/or obligations between and/or among Stability AI, Inc. and Stability AI, Ltd., including but not limited to those related to Stable Diffusion or DreamStudio.

**RESPONSE TO RFP NO. 12:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words "recourse documents" and "obligations."  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or

♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦

proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 13:**

Stability AI, Inc.'s monthly financial statements.

**RESPONSE TO RFP NO. 13:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein. Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 14:**

Stability AI, Inc.'s quarterly and yearly budgets.

**RESPONSE TO RFP NO. 14:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein. Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 15:**

Documents sufficient to show all of Stability AI, Inc.'s current and historical operating expenses.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO RFP NO. 15:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein. Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 16:**

All annual reports for Stability AI, Inc.

**RESPONSE TO RFP NO. 16:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein. Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 17:**

All filings made by or on behalf of Stability AI, Inc. with any governmental or regulatory agency in the United States, including tax returns, disclosures, and applications for a business license.

**RESPONSE TO RFP NO. 17:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein. Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words "filings . . . with any governmental or regulatory agency" and "disclosures." Stability

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 18:**

All Documents sufficient to show the circumstances that led to Stability AI, Inc.'s corporate charter being voided, as described in paragraph 19 of the Amended Complaint, including all related correspondence from the office of the Delaware Secretary of State.

**RESPONSE TO RFP NO. 18:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words "filings . . . with any governmental or regulatory agency" and "disclosures."  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 19:**

All Documents concerning Stability AI, Inc.'s efforts to revive its corporate charter after it was voided, as described in paragraph 19 of the Amended Complaint.

**RESPONSE TO RFP NO. 19:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous,

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

and/or does not reasonably identify the information sought, specifically with respect to its use of the words "all document concerning . . . efforts."  Stability US objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability US will █████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████

**RFP NO. 20:**

All articles of incorporation, operating agreements, corporate policies, and bylaws for Stability AI, Inc.

**RESPONSE TO RFP NO. 20:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrases "operating agreements" and "corporate policies."  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability US will produce ██

██████████████████████████████████████████████████████████████

**RFP NO. 21:**

Documents sufficient to show all financial accounts maintained by Stability AI, Inc.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO RFP NO. 21:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**SUPPLEMENTAL RESPONSE TO RFP NO. 21**

Subject to, and without waiving, its objections, Stability US states ███████████

██████████████████████████████████████

**RFP NO. 22:**

Documents sufficient to show the extent to which Stability AI, Inc. has access to, or control over, any bank accounts held in the name of Stability Ltd.

**RESPONSE TO RFP NO. 22:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "the extent to which Stability AI, Inc. has access to, or control over."  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RFP NO. 23:**

Documents sufficient to show all funds or assets provided by Stability AI, Inc. to Stability AI, Ltd. and vice versa.

**RESPONSE TO RFP NO. 23:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 24:**

Documents sufficient to show how Stability AI, Inc. has used or spent any portion of the $75 million it raised in October 2022, as described in paragraph 20 of the Amended Complaint.

**RESPONSE TO RFP NO. 24:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words "used" and "spent."  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 25:**

All written materials Stability AI, Inc. has provided to potential investors, including pitch decks.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO RFP NO. 25:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.  Additionally, this Request does not attempt any level of proportionality, and broadly seeks "[a]ll" written materials provided to potential investors.

**RFP NO. 26:**

Documents sufficient to show the extent to which Stability AI, Inc. and Stability AI, Ltd. share or have shared physical office space, storage of records or information, operation of payroll, coverage by an insurance plan, or other matters of business administration.

**RESPONSE TO RFP NO. 26:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "business administration."  Stability US objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RFP NO. 27:**

Documents sufficient to show all instances in which Stability AI, Inc. required approval from Stability AI, Ltd. in order for Stability Inc. to take action or abstain from acting, and vice versa.

**RESPONSE TO RFP NO. 27:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein. Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the words and phrases "approval" and "take action or abstain from acting." Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 28:**

All Documents relating to any action taken by Stability AI, Inc., in its capacity as a stockholder of Stability AI, Ltd., to approve or disapprove of any action or inaction taken by Stability AI, Ltd.

**RESPONSE TO RFP NO. 28:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein. Stability US also objects to this Request on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "approve or disapprove of any action or inaction." Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or

20

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 29:**

All minutes to any meetings in which the decision was made for Stability AI, Inc. to purchase Init ML Inc. and Init ML SAS.

**RESPONSE TO RFP NO. 29:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Request on the grounds that it is duplicative of RFP No. 5.  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**RFP NO. 30:**

All documents relied upon in responding to Plaintiff's Jurisdictional Interrogatories to Defendant Stability AI, Inc.

**RESPONSE TO RFP NO. 30:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

Dated:  July 7, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*s/ Paul M. Schoenhard*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Defendant Stability AI, Inc.*

OF COUNSEL:

Nicole M. Jantzi
Paul M. Schoenhard
FRIED, FRANK, HARRIS, SHRIVER
    & JACOBSON LLP
801 17th Street NW
Washington, DC 20006
(202) 639-7000

-and-

Amir R. Ghavi
Michael C. Keats
Nicholas D. Winkley
FRIED, FRANK, HARRIS, SHRIVER
    & JACOBSON LLP
One New York Plaza
New York, New York 10004
(212) 859-8000

22

# EXHIBIT D

**(Redacted)**

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GETTY IMAGES (US), INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-135 (GBW) |
| | ) | |
| STABILITY AI, LTD. and | ) | |
| STABILITY AI, INC., | ) | |
| | ) | |
| Defendants. | | |

**STABILITY AI, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFF'S JURISDICTIONAL INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules

of Civil Practice and Procedure of the United States District Court for the District of Delaware,

Defendant Stability AI, Inc. ("Stability US"), by and through its undersigned attorneys, hereby

submits these Responses and Objections (the "Responses and Objections") to Plaintiff's

Jurisdictional Interrogatories to Defendant Stability AI, Inc. ("Interrogatories"), dated May

11, 2023, in the above-captioned action (the "Action") as follows:

**GENERAL OBJECTIONS**

1.      Stability US objects to the Interrogatories, and to each and every instruction and

definition therein, on the grounds that Getty Images (US), Inc. ("Getty Images") has not pled "with

reasonable particularity" factual allegations showing that Stability UK might have the necessary

contacts with the Delaware forum to establish personal jurisdiction, making jurisdictional

discovery improper.  *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 259 (3d Cir. 2022)

("A plaintiff cannot show up in court with bare allegations and force defendants to start handing

1

♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦

over evidence.  Rather, jurisdictional discovery is appropriate when the plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state.") (cleaned up).  Stability US further objects to the Interrogatories, and to each and every definition and instruction therein, as premature, as the parties have not yet engaged in a Fed. R. Civ. P. 26(f) conference, the discovery phase of this action has not yet begun, and the Court has not ordered or otherwise authorized the parties to engage in any preliminary discovery.  The disclosure of any information is not a waiver of such objection or representation that Stability US agrees that Getty Images has sufficiently pleaded the possible existence of the requisite contacts with respect to Stability UK, that the Court may properly exercise jurisdiction over Stability UK in this action, or that any jurisdictional discovery is necessary or appropriate.  Stability US reserves the right to rescind, revise, supplement, amend, or otherwise modify these Responses in light of any Court order regarding jurisdictional discovery or Stability US's pending Motion to Dismiss or Transfer this Action (ECF No. 16).

2.      Stability US provides these Responses only as the Interrogatories may relate to the limited issue of personal jurisdiction over Stability AI Ltd. ("Stability UK").  To the extent the Court determines it may properly exercise personal jurisdiction over Stability UK and this action proceeds to the discovery phase and Plaintiff continues to seek information in response to the Interrogatories, Stability US reserves its rights to amend or supplement these Responses and/or further object and respond to the Requests on additional grounds.

3.      Stability US objects to the Interrogatories, and to each and every definition and instruction therein, to the extent they purport to impose obligations greater than those allowed under, or that are inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, or any other applicable rules or law governing the scope of discovery (the "Applicable Rules").

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

4.      Stability US objects to the Interrogatories, and to each and every definition and instruction therein, to the extent they are vague, ambiguous, overly broad, duplicative, unduly burdensome, or seek information that is not relevant to the limited issue of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

5.      Stability US objects to the Interrogatories, and to each and every instruction and definition therein, pursuant to Fed. R. Civ. P. 33 (a)(1), to the extent Plaintiff has exceeded a total of 25 interrogatories, taking into account all discrete subparts.  To the extent the Court determines it may properly exercise personal jurisdiction over Stability UK and this action proceeds to the merits discovery phase, Stability US objects to any interrogatories in excess of the 25-interrogatory limit, and these Interrogatories, including all discrete subparts, should be counted against the 25-interrogatory limit.

6.      Stability US objects to the Interrogatories, and to each and every definition and instruction therein, to the extent they purport to require the disclosure of information that Stability US is restricted from disclosing by law or by contract.  Stability US further objects to the Interrogatories, and to each and every definition and instruction therein, to the extent they seek the production of documents and communications that contain attorney-client communications, are protected by the attorney-client privilege or the work-product privilege, contain trade secrets and or proprietary business information, are prohibited from disclosure by the European General Data Protection Regulation (2016/679) (the "GDPR") or other European data privacy laws, would impinge on privacy rights of non-parties, or are otherwise protected from disclosure under applicable laws or rules (collectively, "Protected Information").  Any inadvertent disclosure of Protected Information in response to an Interrogatories will not be deemed a waiver of any such privileges or protections for that document or for the class or category of documents from which it has been drawn.  Stability US reserves the right to obtain the return of such information and

♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦

prohibit its use in any manner.   Stability US hereby requests the return of any Protected Information that is inadvertently produced and reserves the right to object to the disclosure or use of such Protected Information at any stage of the Action or any other proceedings.

7.      Stability US objects to the Interrogatories, and to each and every definition and instruction therein, to the extent that they purport to seek information not in Stability US's possession, custody, or control, that is publicly available, or that is equally available to Plaintiff or already in Plaintiff's possession.

8.      Stability US objects to the Interrogatories, and to each and every definition and instruction therein, to the extent they request production of "all" or "any" documents or information when a lesser subset of documents or information would be sufficient to show the pertinent information, or where only a lesser subset is relevant to the claims or defenses in this action, on the grounds that such Requests are overly broad, unduly burdensome, and not proportional to the needs of the case.

9.      Stability US objects to the Interrogatories, and to each and every definition and instruction therein, to the extent they purport to require Stability US to perform anything more than a reasonable and diligent search for information where the information reasonably would be expected to be found on the grounds that such Interrogatories are overly broad, unduly burdensome, not proportional to the needs of the case.

10.      Stability US objects to the Interrogatories, and to each and every definition and instruction therein, to the extent that they inquire into matters beyond the scope of disclosure permitted under Fed. R. Civ. P.  26.

11.      Stability US objects to the Interrogatories, and to each and every definition and instruction therein, to the extent that they are duplicative or cumulative.

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

12.     Stability US objects to the Interrogatories, and to each and every definition and instruction therein, to the extent that they call for the creation of new documents, reports, spreadsheets or data compilations.

13.     Stability US objects to the Interrogatories, and to each and every definition and instruction therein, to the extent that they incorporate purported facts.  Stability US does not adopt or confirm the accuracy of any purported facts so incorporated.

14.     Stability US objects to the Interrogatories, and to each and every definition and instruction therein, to the extent that they call for the production of electronically stored information from sources that are not reasonably accessible or where retrieval of such material is unduly burdensome, including but not limited to the production of electronically stored information from legacy systems, from sources that are maintained for disaster recovery purposes, or from sources that are not reasonably believed to contain unique non-duplicative information.

15.     No objection or limitation, or lack thereof, made in these Responses and Objections shall be deemed (i) an admission by Stability US as to the existence or non-existence of documents or information requested; (ii) an admission that information or documents are within Stability US's possession, custody or control; (iii) an admission that documents or information are relevant or admissible in connection with any trial, hearing, motion, or other proceeding in this action or any other action; or (iv) a waiver of Stability US's right to assert such objection or limitation at any future time in connection with the Requests or otherwise.

16.     Stability US expressly reserves all further objections as to the competency, relevance, materiality, privileged status, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatories, as well as the right to object to further discovery relating to the subject matter of any information provided, including the right to move the Court to quash the Interrogatories or for a protective order.

♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

17.     Stability US objects to the "Definitions and Instructions" insofar as they incorporate purported facts.  Stability US does not adopt or confirm the accuracy of any purported facts incorporated in any of the Definitions.

18.     Stability US objects to Plaintiff's definition of "Stability AI, Ltd." to the extent it imposes duties on or would require the discovery of information from Persons that are not reasonably within the scope of discovery or subject to discovery obligations.  For purposes of its responses, Stability US understands "Stability AI, Ltd." to mean Stability AI Ltd.

19.     Stability US objects to Plaintiff's definition of "You," and "Your" to the extent it imposes duties on or would require the discovery of information from Persons that are not reasonably within the scope of discovery or subject to discovery obligations.  For purposes of its responses, Stability US understands "Stability AI, Inc.," "You," and "Your" to mean Stability AI, Inc.

## SPECIFIC OBJECTIONS AND RESPONSES

The following specific objections and responses are made based on Stability US's investigation to date and Stability US's current information and belief.  Subject to its objections, Stability US is continuing to investigate the matters set forth in these Interrogatories and reserves the right to supplement and/or amend its responses if and as additional or different information comes to light or as otherwise contemplated by Fed. R. Civ. P. 26(e).

## INTERROGATORY NO. 1:

Identify Stability AI, Inc.'s date of incorporation, principal place of business, and each location where Stability Inc. maintains or has maintained offices.

6

**♦ HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY ♦**

**RESPONSE TO INTERROGATORY NO. 1:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.

Subject to, and without waiving, the foregoing objections, Stability US responds as follows:

███████████████████████████████████████████

███████████████████████████████████

**INTERROGATORY NO. 2:**

Identify the name and position held for each officer and director of Stability AI, Inc. at any time since its founding.

**RESPONSE TO INTERROGATORY NO. 2:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the word "officer."  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability US responds as follows:

███████████████████████████████████████████

███████████████████████████████████████████

█████████

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

██████████████████████████████████████

██████████████████████████████████████

██

## INTERROGATORY NO. 3:

For each officer and director identified in response to Interrogatory No. 2, identify each Person that paid or otherwise provided remuneration to each officer and director in connection with their roles as officer or director of Stability AI, Inc.

## RESPONSE TO INTERROGATORY NO. 3:

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "paid or otherwise provided remuneration."  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:

Subject to, and without waiving, its objections, Stability US responds as follows:

██████████████████████████████████████

████████████

## INTERROGATORY NO. 4:

Identify all individuals, by name, title, and employer, involved in raising capital for Stability AI, Inc. and describe what role each individual has played.

8

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

**RESPONSE TO INTERROGATORY NO. 4:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "involved in raising capital."  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**INTERROGATORY NO. 5:**

Describe all intercompany transfers between Stability AI, Inc. and Stability AI, Ltd. since each was founded.

**RESPONSE TO INTERROGATORY NO. 5:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "intercompany transfers."  Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

**INTERROGATORY NO. 6:**

Identify all officers and directors of Init ML Inc. and Init ML SAS.

**RESPONSE TO INTERROGATORY NO. 6:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein.  Stability US also objects to this Interrogatory on the grounds that it is vague,

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the word "officers." Stability US further objects to this Interrogatory on the grounds that the burden of identifying the requested information is substantially the same for Plaintiff as it is for Stability US. Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK

**INTERROGATORY NO. 7:**

Describe the corporate function of Stability AI US Services Corporation, and the circumstances that led to its incorporation.

**RESPONSE TO INTERROGATORY NO. 7:**

Stability US hereby incorporates its General Objections set forth above as though fully set forth herein. Stability US also objects to this Interrogatory on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought, specifically with respect to its use of the phrase "corporate function." Stability UK further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored or proportional to the need of discovering evidence relevant to the limited purpose of determining whether the Court may properly exercise personal jurisdiction over Stability UK.

Subject to, and without waiving, the foregoing objections, Stability US responds as follows:

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

Dated:  July 7, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*s/ Paul M. Schoenhard*
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Defendant Stability AI, Inc.*

OF COUNSEL:

Nicole M. Jantzi
Paul M. Schoenhard
FRIED, FRANK, HARRIS, SHRIVER
    & JACOBSON LLP
801 17th Street NW
Washington, DC 20006
(202) 639-7000

 **-**and**-**

Amir R. Ghavi
Michael C. Keats
Nicholas D. Winkley
FRIED, FRANK, HARRIS, SHRIVER
    & JACOBSON LLP
One New York Plaza
New York, New York 10004
(212) 859-8000

11

♦ **HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY** ♦

## <u>VERIFICATION</u>

I, Peter O'Donoghue, am a member of the Board of Directors of Stability AI, Inc. ("Stability US") and am authorized to make this Verification on behalf of Stability US.  I have read the foregoing Supplemental Objections and Responses to Plaintiff's Jurisdictional Interrogatories.   The Supplemental Responses were prepared by or with the assistance of Stability US and counsel.  My understanding is that, subject to inadvertent or undiscovered errors or omissions, these Supplemental Responses are based on records and information currently available.   Subject to the foregoing, I verify under penalty of perjury that the foregoing Supplemental Responses are true and correct based upon present information and belief.

Executed on July 7, 2023

<u>*s/ Peter O'Donoghue*</u>
Peter O'Donoghue
*Director*
*Stability AI, Inc.*

12

# EXHIBIT E

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Fried
Frank

Direct dial:  202.639.7254
Email:  Paul.Schoenhard@friedfrank.com

July 6, 2023

Jared R. Friedmann
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**Re: *Getty Images (US), Inc. v. Stability AI, Inc., et al.,* No. 1:23-cv-00135 (D. Del.)**

Dear Jared,

      I write in response to your June 30, 2023 letter and July 1 email regarding Getty's continued requests for additional jurisdictional discovery in the above-referenced matter.

      As an initial matter, and as noted in my July 1 email, the timing of your letter is unfortunate.  We met and conferred by videoconference on Monday, June 26, and Tuesday, June 27, with the latter videoconference concluding at approximately 11 AM EDT.  During those videoconferences, you expressed urgency regarding the parties' ongoing discussions, promised rapid follow-up by Getty and asked me to assure the same on behalf of the Stability Defendants.  We thus anticipated that we would receive a follow-up letter from you later in the day on Tuesday, June 27.  None was received.  Nor did we hear from you further on Wednesday or Thursday.  Indeed, it was not until after I expressed my dismay regarding Getty's delay by email on June 30 that we finally received the letter to which I now respond at 2:08 PM EDT on Friday, June 30—after 7 PM in London, where you know the Stability Defendants are located; and in the U.S. the afternoon leading into the Fourth of July holiday weekend.  Not an optimal time to send a letter, if Getty is indeed seeking a prompt response.

      Meanwhile, the Stability Defendants do not understand the tone you have assumed in your recent communications.  To be clear: the Stability Defendants maintain the view that Getty is not entitled to jurisdictional discovery at all.  But in the interests of avoiding unnecessary disputes, the Stability Defendants have engaged with Getty nonetheless, voluntarily and in good faith.  Rather than recognize and appreciate these unnecessary efforts, Getty complains that the Stability Defendants have not done enough and claims entitlement to information to which it is not entitled.

      Significantly in this regard, the Stability Defendants are nonplussed by Getty's cavalier attitude toward depositions and the schedules of potential deponents and counsel.  Typically, a party seeking discovery—especially where it has no clear entitlement to do so—provides the

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Jared R. Friedmann                                                July 6, 2023
                                                                  Page 2

counter-party with notice of the discovery it is seeking.  Here, however, Getty has not asked for a single deposition (which is, of course, fine) but has insisted that the option to demand depositions remains available to it (which is not fine).  Mindful of the difficulties associated with scheduling foreign depositions, especially in the midst of the summer holidays, I have repeatedly asked over the course of many weeks whether Getty intended to request any deposition(s) as part of its jurisdictional discovery effort.  When Getty repeatedly failed to make any such request or otherwise confirm its intentions, I went so far as to secure the availability of Peter O'Donoghue, Defendants' declarant, for deposition on July 13 in London—a deposition to which Getty is not entitled, but which Defendants were prepared to offer in an effort to advance matters.  In your July 1 email, however, you refuse to confirm that deposition or even to take a position on whose deposition(s), if any, Getty may request.  Getty's position is not well-taken.

        Turning to the specific discovery requests you discuss, Stability US will supplement its response to Interrogatory No. 3, but does not agree to provide responses to Interrogatory Nos. 4 and 5.  With respect to Interrogatory No. 4, Stability US does not agree that its fundraising efforts are relevant to any jurisdictional inquiry or are reasonably explored at this point.  And with respect to Interrogatory No. 5, Stability US does not agree that its financial transactions are relevant to any jurisdictional inquiry.  Further, your reliance on general discovery standards to claim that Stability US is not "excuse[d]" from responding, is misplaced, as Getty does not have any entitlement to the jurisdictional discovery it seeks.  And, as counsel have discussed at length, to the extent Getty is permitted to inquire into the Stability Defendants' financial management at all, the most appropriate source of such information under the circumstances would be the declarant, Peter O'Donoghue—whose deposition the Stability Defendants have offered but Getty has not accepted.

        Stability US will supplement its response to RFP No. 21 to identify financial institutions with which it holds accounts and will supplement its production to include its certificate of good standing from September 2022, but does not agree to provide further responses to Getty's RFPs.

        Stability UK will supplement its response to Interrogatory No. 3 to provide state-by-state revenue information to the extent it is compiled and maintained in the ordinary course of business, and Stability UK will provide a narrative response to Interrogatory No. 12, but does not agree to provide responses to the other interrogatories you identified.  As previously explained, Stability UK has not tracked—and does not have a reasonable means to track—downloads or accesses on a state-by-state basis, as requested by Interrogatory No. 2.  And with respect to the remaining interrogatories, again, the Stability Defendants do not believe Getty's effort to dive into financial matters is necessary or appropriate, and again, the Stability Defendants offered the deposition of Peter O'Donoghue, which Getty has not accepted.

        Stability UK stands on its objections with respect to the RFPs you identify.

        As a final note, the Stability Defendants are disturbed by Getty's claimed reservation of right to compel responses to Getty's requests "as originally served."  For over a month, the parties

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Jared R. Friedmann                                                    July 6, 2023
                                                                     Page 3


have discussed jurisdictional discovery, and the Stability Defendants have engaged in such discussions and have voluntarily provided information in good faith based on those discussions. The goal, of course, was to find a mutually-agreeable scope of jurisdictional discovery to which the Stability Defendants would voluntarily submit and which would avoid any need for court intervention. Getty has accepted what the Stability Defendants have offered but also "reserves" its "right" to continue to demand more. If Getty's plan all along was to ask the Court for everything the Stability Defendants did not provide voluntarily, much time and effort could have been saved.

In view of the above, upon service of its supplemental responses and production tomorrow, the Stability Defendants will understand and expect that jurisdictional discovery is closed.

Sincerely,

Paul M. Schoenhard