IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GETTY IMAGES (US), INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-135 (GBW) |
| | ) |
| STABILITY AI, LTD. and | ) |
| STABILITY AI, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWERING LETTER BRIEF REGARDING DISCOVERY DISPUTE**

OF COUNSEL:

Nicole M. Jantzi
Paul M. Schoenhard
FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
801 17th Street, NW
Washington, DC  20006
(202) 639-7000

Amir R. Ghavi
Michael C. Keats
Nicholas D. Winkley
FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
One New York Plaza
New York, NY  10004
(212) 859-8000

July 20, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Defendants Stability AI, Inc. and Stability AI Ltd.*

Dear Judge Williams,

I write on behalf of Stability AI, Inc. and Stability AI Ltd. ("Defendants"), in response to Getty Images (US), Inc.'s ("Getty") July 18, 2023 letter (D.I. 25).

Getty is not entitled to the jurisdictional discovery it seeks. As Defendants set forth in their Motion to Dismiss (D.I. 16), Getty has failed to plead facts sufficient to establish a prima facie case for this Court's exercise of personal jurisdiction over Stability AI Ltd. Nonetheless, Defendants have spent considerable time and resources engaging in good-faith discussions with Getty and have provided Getty with a more-than-reasonable scope of discovery, with the hope of avoiding the need for the Court's intervention. Now, Getty claims that it is entitled to more. It is not. Jurisdictional discovery (to the extent it was ever warranted at all) is not an excuse for Getty to conduct a fishing expedition into Defendants' operations. Jurisdictional discovery is over.

It is well-established in this Circuit that a plaintiff's right to jurisdictional discovery "is not unconditional." *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 259 (3d Cir. 2022). Rather, jurisdictional discovery is only appropriate where a plaintiff has pled "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between the party and the forum state.'" *Id.* (citation omitted). Jurisdictional discovery is appropriately denied where "even accepting [a plaintiff's] allegations in the complaint as true, they fail to establish a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 156–57 (3d Cir. 2010).

Getty's complaint does not meet this standard, and thus no jurisdictional discovery is warranted. Apparently recognizing this Court's lack of personal jurisdiction over Stability AI Ltd., Getty filed its initial complaint on February 3, 2023, **without naming Stability AI Ltd. as a party**, despite referencing it as "affiliated" with Stability AI, Inc. (D.I. 1 at 1 & ¶ 14.) It was only after Stability AI, Inc. informed Getty's counsel that it intended to move to dismiss on the grounds that Stability AI Ltd. is a necessary and indispensable party that Getty named Stability AI Ltd. as a defendant. But Getty's Amended Complaint (D.I. 13) does not contain any allegations that, if true, would support an exercise of personal jurisdiction over Stability AI Ltd.

With respect to Delaware's long-arm statute, Getty did not even attempt to plead ***any*** statutory basis for jurisdiction. Getty does not claim that the purportedly infringing acts relating to the training of Stable Diffusion occurred in Delaware; rather, Getty alleges that such training took place outside the United States. (D.I. 13 ¶¶ 48, 18.) Getty likewise failed to plead any basis for jurisdiction under the federal long-arm statute, which requires that the plaintiff demonstrate that the defendant is ***not*** subject to jurisdiction in any state—including Delaware. Fed. R. Civ. P. 4(k)(2). And Getty does not allege that Stability AI Ltd. is "at home" in Delaware and is thus subject to general jurisdiction, or sufficiently allege that Stability AI Ltd. has purposefully directed activities at residents of Delaware and is thus subject to specific jurisdiction. ***Getty has thus failed to provide any showing—let alone the required showing with reasonable particularity—that Stability AI Ltd. is amenable to suit in Delaware.*** See *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 475 (D. Del. 1995) ("[A] court cannot permit [jurisdictional] discovery as a matter of course simply because a plaintiff has named a particular party as a defendant. The court must be satisfied that there is some indication that this particular defendant is amenable to suit in this forum.").

Apparently realizing that Stability AI Ltd. lacks sufficient contacts with Delaware to establish personal jurisdiction, Getty attempts to rely on the existence of Stability AI, Inc., Stability

AI Ltd.'s Delaware-incorporated parent company under an "alter ego" theory. But Getty's unsupported allegations of alter ego cannot serve as a basis for jurisdictional discovery. *See Telcordia Techs., Inc. v. Alcatel S.A.*, No. 04-874 GMS, 2005 WL 1268061, at *9 (D. Del. May 27, 2005) ("[A] plaintiff may not rely on the bare allegations in his complaint to warrant further discovery."); *Fid. Nat'l Info. Servs., Inc. v. Plano Encryption Techs., LLC*, No. 15-777-LPS-CJB, 2016 WL 1650763, at *5 (D. Del. Apr. 25, 2016) ("FIS does nothing more than simply recite the factors relevant to the test for assessing whether two entities are alter egos, and then state that 'on information and belief' the factors are at play here. That does not suggest facts that might support FIS's claim."), *adopted*, 2016 WL 11695472 (D. Del. June 23, 2016).

In any event, Getty's alter ego allegations, "even if found, would be unlikely to support an exercise of personal jurisdiction over Defendants." *In re Mobile Telecomms Techs., LLC*, 243 F. Supp. 3d 545, 553 (D. Del. 2017) (denying jurisdictional discovery based on alter-ego allegations); *see also Pearson v. Component Tech. Corp.*, 247 F.3d 471, 485 (3d Cir. 2001) (noting that the alter ego standard is "notoriously difficult for plaintiffs to meet."). That is because Getty's principal allegations—that the Defendants have overlapping directors and share a principal place of business and website—are inherent in any parent-subsidiary relationship and do not establish that the companies are alter egos. *See Westfield Ins. Co. v. Interline Brands, Inc.*, 2013 WL 6816173, at *23 (D.N.J. Dec. 20, 2013) (denying jurisdictional discovery where plaintiff's argument "[a]t most . . . suggest[ed] a parent-subsidiary relationship . . . . Even if the corporate boards . . . were identical, which they are not, this would not establish an alter ego relationship."). What's more, Getty made no attempt to allege any element of fraud or injustice in Defendants' use of the corporate form, which dooms its request for jurisdictional discovery. *See Fid. Nat'l Info. Servs., Inc.*, 2016 WL 1650763, at *7 ("Yet the Court here cannot see any support for the claim that inequity or some other injustice is at play, sufficient to put [Plaintiff's] charges on this score beyond the realm of the 'clearly frivolous.'"); *see also LivePerson, Inc. v. NextCard, LLC*, No. 08-062-GMS, 2009 WL 742617, at *5–6 (D. Del. Mar. 20, 2009). Accordingly, jurisdictional discovery is not warranted in this case.

Nonetheless, and without seeking the Court's leave to do so, Getty served Defendants with no less than 29 interrogatories (not counting discrete subparts) and 66 requests for the production of documents. With no obligation to respond, but with the goal of resolving their disputes without the need for the Court's intervention, Defendants voluntarily provided Getty with detailed information regarding:

- the relationships of all entities owned in whole or in part by Stability AI, Inc.;
- the Defendants' respective incorporation and corporate governance;
- their principal places of business and office locations;
- the identities of their officers and directors;
- the separate bank accounts each maintains; and
- Stability AI Ltd.'s operations, including:
    - the 2022 revenues it realized on a U.S. state-by-state basis;
    - the locations of its U.S.-based computing systems;
    - the contracts into which it has entered with U.S.-based counterparties;
    - the U.S.-based individuals it has employed (directly or indirectly); and
    - its specific contacts with the State of Delaware.

And, although Getty did not request (much less notice) any deposition(s), Defendants repeatedly offered their declarant, Peter O'Donoghue, for deposition, and even reserved a date for such a deposition within the agreed-upon discovery period. (Exhibiting a complete lack of regard for Mr. O'Donoghue's and counsel's schedules, Getty refused to accept or decline the offered deposition.)

*Now*, because the information Defendants have provided clearly establishes what they argued in their Motion to Dismiss or Transfer—that this Court cannot exercise personal jurisdiction over Stability AI Ltd.—Getty seeks to impose additional costs and burdens on Defendants in the hope it will uncover some information that might salvage its theory. For example, Getty repeatedly states that it seeks additional discovery to "test" the statements made in Mr. O'Donoghue's declaration. But Mr. O'Donoghue's Declaration may be relied upon by courts in "any matter" requiring an evidentiary basis. 28 U.S.C. § 1746. And Getty refused to proceed with a deposition of Mr. O'Donoghue during the parties' agreed-upon discovery period, notwithstanding Defendants' repeated suggestion that he could likely provide whatever clarification Getty legitimately needed. Indeed, Getty did not request (much less notice) any deposition(s) during the parties' agreed-upon discovery period. Accordingly, Getty's request that the Court compel still-unspecified deposition(s) that were never previously noticed should not be entertained—especially in view of the significant cost and burden associated with taking a deposition in the United Kingdom (particularly during the summer holiday months).

Nor should Defendants be forced to bear the burden of producing the additional information Getty seeks. For example, Getty's demand for transaction-level financial detail between Stability AI, Inc. and Stability AI Ltd. is clearly unreasonable, both in terms of the burden it would impose and in terms of its limited relevance, as there is no reason separate corporate entities cannot engage in as many financial transactions as they wish without collapsing the corporate form. Indeed, much of the information Getty continues to seek is simply not relevant to Getty's theories of personal jurisdiction, which primarily concern whether the distinction between the Stability Defendants "is little more than a legal fiction," not simply whether resources were ever transferred between the two. *Pearson*, 247 F.3d at 485. And despite clear law to the contrary, Getty seeks to have Stability AI Ltd. undertake a 50-state survey of its users based on nothing more than the operation of a website that is accessible worldwide. *See inno360, Inc. v. Zakta, LLC*, 50 F. Supp. 3d 587, 597 (D. Del. 2014) (holding that evidence "of defendant's website to show that Delaware residents could, along with the rest of the internet-using world, access defendant's website . . . is insufficient to support a request for jurisdictional discovery"); *Registered Agents, Ltd. v. Registered Agent, Inc.*, 880 F. Supp. 2d 541, 548 (D. Del. 2012) (same).

Finally, Getty's unreasonableness is further exemplified by it seeking a 7-day deadline for Stability AI Ltd.—a foreign defendant over which personal jurisdiction has not been established—to produce additional information and a 10-day deadline to produce a witness for deposition in the midst of the summer holidays. *See Telcordia Techs., Inc.*, 2005 WL 1268061, at *8 ("[T]he United States Supreme Court has held that courts should 'exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place [on] them.'") (citing *Societe Nationale Industrielle Aerospatiale v. United States District Court for Southern Dist. Iowa*, 482 U.S. 522, 546 (1987)). Accordingly, Defendants respectfully request that the Court deny Getty's requests for an order compelling additional jurisdictional discovery.

The Honorable Gregory B. Williams  Page 4
July 20, 2023

                                      Respectfully,

                                      */s/ Michael J. Flynn*

                                      Michael J. Flynn (#5333)
                                      *Counsel for Defendants Stability AI, Inc.*
                                      *and Stability AI Ltd.*

cc:     All Counsel of Record (via electronic mail)