# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GETTY IMAGES (US), INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STABILITY AI, LTD. STABILITY AI, )<br>INC., and STABILITY AI US )<br>SERVICES CORPORATION, )<br>)<br>Defendants. | C.A. No. 23-135 (JLH) |

**JOINT STATUS REPORT IN RESPONSE TO ORAL ORDER (D.I. 51)**

Dated: August 9, 2024

OF COUNSEL:

Benjamin E. Marks
Jared R. Friedmann
Melissa Rutman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
benjamin.marks@weil.com
jared.friedmann@weil.com
melissa.rutman@weil.com

Brian G. Liegel
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Ave, Ste. 1200
Miami, Florida 33131
(305) 577-3180
brian.liegel@weil.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Tammy L. Mercer (No. 4957)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
tmercer@ycst.com
rvrana@ycst.com

*Attorneys for Plaintiff Getty Images (US), Inc.*

The Parties respectfully submit this status report in response to the Court's August 5, 2024 Oral Order (D.I. 51).

Since Getty Images' October 9, 2023 Letter to Judge Williams, Stability AI, Ltd. and Stability AI, Inc. have produced only the agreed-upon documents discussed in footnote 1 of that letter. *See* D.I. 32 at 1 n.1. Further, the jurisdictional discovery deposition of Peter O'Donoghue took place on February 22, 2024.

Below, the Parties present their positions on two disputes. First, the parties disagree as to whether the disputed issues regarding Defendants' obligation to produce certain categories of documents identified in Getty Images' October 9, 2023 Letter remain pending. Second, Getty Images requests the Court require the Parties to schedule a Rule 26(f) conference, while Defendants oppose that request.

## Issue 1:  Jurisdictional Discovery

### Getty Images' Position

With leave, Getty Images filed its Second Amended Complaint on July 15, 2024. *See* D.I. 42. Stability AI, Ltd. has moved to dismiss for lack of personal jurisdiction, and moved to transfer venue. *See* D.I. 45, 48. While Getty Images anticipates that the discovery sought in its October 9, 2023 Letter would further underscore the lack of merit to Defendants' motion to dismiss, the discovery received to date amply demonstrates that Stability AI, Ltd. is plainly subject to the Court's jurisdiction and Defendants' motions to dismiss and transfer should be denied. Getty Images plans to file its briefs in opposition to those motions on Monday, August 12 (14 days after the motions were filed) and do not wish to delay resolution of those motions.

The discovery that Defendants have refused to produce—investor pitches and board agendas and presentations—are squarely relevant to the jurisdictional issues (as well as merits

issues) and have been improperly withheld. *See* D.I. 32. Defendants should be required to produce them as the case will move forward even if Defendants prevail in either motion, as Defendants do not challenge the merits of Getty Images' claims against them and they concede that Stability AI, Ltd. is subject to jurisdiction in the United States.

Accordingly, the disputed issues raised in Getty Images' October 9, 2023 Letter have not been resolved and remain pending. This Court should compel their production.

Defendants' Position

Jurisdictional discovery has concluded. To the extent there were any remaining disputes regarding the scope of that discovery, they are now moot. Getty Images sought jurisdictional discovery in response to Defendants' motion to dismiss. Defendants produced documents and Getty Images deposed Stability AI, Ltd's ("Stability UK's") CFO. Apparently satisfied with what it gathered in discovery, Getty Images proceeded by filing a Second Amended Complaint. It cannot now argue that it needs further jurisdictional discovery.

On May 2, 2023, Stability UK and Stability AI, Inc. ("Stability US") moved to dismiss for lack of personal jurisdiction over Stability UK or, in the alternative, for transfer to the Northern District of California. (D.I. 16.) The parties stipulated to a briefing schedule "to provide the necessary time for agreed-upon jurisdictional discovery and/or for Court resolution of any dispute(s) regarding such discovery." (D.I. 21.) When disputes regarding the scope of discovery arose, the Court instructed the parties to "meet and confer and attempt to reach agreement on a reasonable and limited scope and schedule for jurisdictional discovery." (D.I. 30.) Following the ordered meet and confer, Getty Images filed the letter now at issue. (D.I. 32.) Upon reassignment of this case from Judge Williams to Judge Hall, the Court dismissed Defendants' Motion to Dismiss or Transfer "without prejudice to re-file after the conclusion of jurisdictional discovery."

(D.I. 36 (emphasis added).)

After obtaining documents from Defendants and deposing Stability UK's CFO on February 22, 2024, Getty Images filed its Second Amended Complaint on July 8, 2024, apparently forgoing resolution of any remaining discovery disputes. (D.I. 42.) Defendants contacted Getty Images to confirm their understanding that it was dropping any remaining discovery disputes or, in the alternative, that a briefing schedule for a renewed motion to dismiss should be delayed until such disputes were resolved. They reminded Getty Images of the Court's instruction that Defendants may file a new motion to dismiss "after the conclusion of jurisdictional discovery." Despite the Court's instruction and the parties' previous stipulation that briefing on a motion to dismiss would proceed after jurisdictional discovery, Getty Images informed Defendants that it was not dropping remaining jurisdictional discovery issues, and also that it would not agree that Defendants' response to the Second Amended Complaint could be postponed until after outstanding disputes were resolved.

Getty Images cannot have it both ways. If it believed further jurisdictional discovery was necessary, it should have pursued it further. Instead, it filed its Second Amended Complaint based on the materials it already obtained, requiring Defendants to respond with a renewed motion to dismiss. (D.I. 45, 48.) Moreover, even if jurisdictional discovery had not already concluded, the issues raised in Getty Images' October 9, 2023 letter relate to documents that are not relevant or are merely duplicative of documents Defendants have already produced, as explained in Defendants' response to the letter. (D.I. 33.)

### Issue 2: Rule 26(f) Conference Scheduling

#### Getty Images' Position

Getty Images has requested that Defendants participate in a Rule 26(f) conference in order

to fulfill the obligation of the parties to "confer as soon as practicable" regarding discovery planning. Fed. R. Civ. P. 26(f)(1). Defendants refused. Accordingly, Getty Images respectfully requests that the Court either set a scheduling conference or set a deadline for the parties to submit a scheduling order under Rule 16(b). Setting this deadline will allow the parties to confer regarding the case schedule and discovery under Rule 26, which will facilitate the efficient and timely resolution of this case.

Defendants below make the unsupported proposition that discovery should be stayed in all cases while motions to dismiss or transfer are pending. Notably, however, Defendants **have not filed a motion to stay discovery**, nor would there be any basis for such a motion since their motion to dismiss is not dispositive of any of the claims. Instead, Defendants refuse to even participate in an initial discovery and scheduling conference, where the parties would be expected to discuss many issues, including as to timing of discovery and can then raise any such issues about timing or stays with the Court. *See* Fed. R. Civ. P. 26(f)(3). The Court has the discretion to order the Parties to take the initial step in having the Rule 26(f) conference, and it should exercise that discretion here despite Defendants' refusal to participate. *See, e.g.*, *Midwest Energy Emissions Corp. et al. v. Arthur J. Gallagher & Co., et al.*, C.A. No. 19-1334-CJB, D.I. 105 (D. Del. May 11, 2020) (ordering Rule 26(f) conference despite defendant's request to defer conference due to pending motion to dismiss); *Kraft Foods Grp. Brands LLC v. TC Heartland LLC*, No. 14-28, D.I. 32 (D. Del. Jan. 7, 2015) (oral order denying defendants' request to stay entry of a scheduling order due to a pending motion to dismiss).

Neither of Defendants' cases help them. *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010), holds that it was not an abuse of discretion to stay discovery in light of a pending Rule 12(b(6) motion. By contrast, Defendants here do not challenge the sufficiency of Getty Images'

claims on their merits. Courts within this District have cited *Mann* and denied motions to stay discovery pending a motion to dismiss. *See Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, 2019 WL 126192, at *1 (D. Del. Jan. 8, 2019) (recognizing courts "responsibility to keep its docket moving, so that it can provide litigants with timely and effective resolution of their claims"). This is because a stay of discovery "is not appropriate solely because a motion to dismiss is pending," *Pennsylvania v. Navient Corp.*, 248 F. Supp. 3d 394, 401 (M.D. Pa. 2018), and a stay is even more inappropriate here where Defendants concede the case will proceed against each of them in federal court.

*McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3d Cir. 1970) also does not prohibit an initial scheduling conference, as there the Third Circuit granted a petition for mandamus requiring consideration of the motion to transfer, overruling the district court's decision to postpone a ruling "until the depositions relating to the merits were resolved." *Id*. There is simply no reason to believe that this Court will refuse to rule on the pending transfer motion until the completion of discovery, and, as noted above, there is no motion to stay discovery pending before the Court.

Defendants' Position

Getty Images is seeking to schedule a Rule 26(f) conference so that it may pursue general discovery before the Court has determined whether it has personal jurisdiction over Stability UK. The request should be denied. Until the Court decides Defendants' renewed Motion to Dismiss and Motion to Transfer, only jurisdictional discovery is appropriate. *See, e.g.*, *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3d Cir. 1970) ("[O]nly if the court should deny the motion to transfer should discovery be permitted to go forward."); *Mann v. Brenner*, 375 F. App'x 232, 239-40 (3d Cir. 2010) (affirming stay of discovery during consideration of motion to dismiss).

5

Moreover, to permit Getty Images to proceed with general discovery while a motion to dismiss for lack of personal jurisdiction is pending would undermine the limited discovery that is permitted "where issues arise as to jurisdiction or venue." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978).

Dated: August 9, 2024

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ Robert M. Vrana | /s/ Michael J. Flynn |
| Tammy L. Mercer (No. 4957)<br>Robert M. Vrana (No. 5666)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>tmercer@ycst.com<br>rvrana@ycst.com | Jack B. Blumenfeld (#1014)<br>Michael J. Flynn (#5333)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19801<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>mflynn@morrisnichols.com |
| WEIL, GOTSHAL & MANGES LLP<br>Benjamin E. Marks (admitted *pro hac vice*)<br>Jared R. Friedmann (admitted *pro hac vice*)<br>Melissa Rutman (admitted *pro hac vice*)<br>767 Fifth Avenue<br>New York, New York 10153<br>(212) 310-8000<br>benjamin.marks@weil.com<br>jared.friedmann@weil.com<br>melissa.rutman@weil.com | Joseph C. Gratz<br>Timothy Chen Saulsbury<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>(415) 268-7000<br><br>Allyson R. Bennett<br>Laura Gilbert Remus<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA, 90017-3543<br>(213) 892-5200 |
| Brian G. Liegel<br>WEIL, GOTSHAL & MANGES LLP<br>1395 Brickell Ave, Ste. 1200<br>Miami, Florida 33131<br>(305) 577-3180<br>brian.liegel@weil.com | Aditya V. Kamdar<br>MORRISON & FOERSTER LLP<br>2100 L Street, NW, Suite 900<br>Washington, DC 20037<br>(202) 887-1500 |
| *Attorneys for Plaintiff Getty Images (US), Inc.* | *Attorneys for Defendants Stability AI, Ltd., Stability AI, Inc., and Stability AI US Services Corporation* |