IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GETTY IMAGES (US), INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 23-135 (JLH) |
| | ) |
| STABILITY AI, LTD., STABILITY AI, | ) |
| INC., and STABILITY AI US | ) |
| SERVICES CORPORATION, | ) |
| | ) |
| Defendants. | |

## UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

In accordance with Federal Rule of Civil Procedure 5.2, and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, Plaintiff Getty Images (US), Inc. ("Getty Images") respectfully moves for leave to file under seal the unredacted versions of Getty Images' Answering Brief in Opposition to Defendants' Renewed Motion to Dismiss, Answering Brief in Opposition to Defendants' Motion to Transfer, and Declaration of Robert Vrana (collectively, "Answering Papers"). The grounds for this Motion are as follows:

1. Prior to the filing of Defendants' Motion to Dismiss and Motion to Transfer, Getty Images and Defendants engaged in limited jurisdictional discovery.

2. The Answering Papers necessarily quote, cite to, and attach documents and deposition transcripts produced during jurisdictional discovery that Defendants allege reflect confidential business activities. Getty Images therefore files this Motion in deference to Defendants' designation of these materials.

3. Because no protective order has been entered in this new action, Getty Images

1

files this Motion seeking leave to file the unredacted copies of the Answering Papers under seal.

4. The public's access to judicial records is "not absolute." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978); *In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Although there is a "presumption in favor of public accessibility," this Court has the authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 298 (D. Del. 2013) (quoting *In re Cendant Corp.*, 260 F.3d 183,194 (3d Cir. 2001)).

5. In assessing whether to seal or redact judicial records, the movant must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia*, 924 F.3d at 672 (citations omitted). Courts in this District have redacted "confidential financial information" and similar information, which "could cause real and serious harm" if disclosed, and is "the sort of material that courts have frequently redacted." *Id.* at 510; *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (sealing documents "to protect the parties' confidential proprietary business and competitive interests"); Fed. R. Civ. P. 26(c)(1)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected via court order). The materials at issue here may be properly sealed under Third Circuit law. *Avandia*, 924 F.3d at 672-73, 676.

6. Here, sealing is warranted because the Answering Papers contain details of discovery materials that Defendants have deemed to be confidential.

7. Moreover, this case involves private litigants, which weighs in favor of redaction. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994); *Avandia*, 924 F.3d at 672 (*Pansy* factors provide guidance when assessing the public's interest).

8. In accordance with D. Del. L.R. 5.1.3, Getty Images will submit redacted versions of the Answering Papers within seven (7) days after filing the aforementioned documents.

9. Pursuant to District of Delaware Local Rule 7.1.1, counsel hereby certifies that a reasonable effort was made to reach agreement with opposing counsel regarding the subject matter of this Motion and opposing counsel indicated that they do not oppose this Motion.

WHEREFORE, for the foregoing reasons, Getty Images respectfully requests that the Court enter an Order, in a form substantially similar to the proposed order filed herewith, permitting Getty Images to file under seal the unredacted versions of the Answering Papers.

Dated: August 12, 2024									YOUNG CONAWAY STARGATT & TAYLOR, LLP

											 /s/ Robert M. Vrana
											Tammy L. Mercer (No. 4957)
											Robert M. Vrana (No. 5666)
											1000 North King Street
											Wilmington, Delaware 19801
											(302) 571-6600
											tmercer@ycst.com
											rvrana@ycst.com

											WEIL, GOTSHAL & MANGES LLP

											Benjamin E. Marks (admitted *pro hac vice*)
											Jared R. Friedmann (admitted *pro hac vice*)
											Melissa Rutman (admitted *pro hac vice*)
											767 Fifth Avenue
											New York, New York  10153
											(212) 310-8000
											benjamin.marks@weil.com
											jared.friedmann@weil.com
											melissa.rutman@weil.com

											Brian G. Liegel (admitted *pro hac vice*)
											1395 Brickell Ave, Ste. 1200
											Miami, Florida 33131
											(305) 577-3180
											brian.liegel@weil.com

											*Attorneys for Plaintiff Getty Images (US), Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 12, 2024, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY E-MAIL**

Jack B. Blumenfeld
Michael J. Flynn
MORRIS, NICHOLS, ARSHT
 & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

Joseph C. Gratz
Timothy Chen Saulsbury
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
jgratz@mofo.com
tsaulsbury@mofo.com

Allyson R. Bennett
Laura Gilbert Remus
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA, 90017-3543
abennett@mofo.com
LRemus@mofo.com

Aditya V. Kamdar
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C., 20037
akamdar@mofo.com

*Attorneys for Defendant*

Dated: August 12, 2024

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

/s/ Robert M. Vrana
Tammy L. Mercer (No. 4957)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
tmercer@ycst.com
rvrana@ycst.com

*Attorneys for Plaintiff Getty Images (US), Inc.*