# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GETTY IMAGES (US), INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STABILITY AI, LTD. STABILITY AI, ) <br> INC., and STABILITY AI US ) <br> SERVICES CORPORATION, ) <br> ) <br> Defendants. ) | PUBLIC VERSION <br> Filed August 21, 2024 <br><br> C.A. No. 23-135 (JLH) |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER

Dated: August 12, 2024

OF COUNSEL:

Benjamin E. Marks
Jared R. Friedmann
Melissa Rutman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
benjamin.marks@weil.com
jared.friedmann@weil.com
melissa.rutman@weil.com

Brian G. Liegel
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Ave, Ste. 1200
Miami, Florida 33131
(305) 577-3180
brian.liegel@weil.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Tammy L. Mercer (No. 4957)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
tmercer@ycst.com
rvrana@ycst.com

*Attorneys for Plaintiff Getty Images (US), Inc.*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................1

ARGUMENT .............................................................................................................................1

    I.    Defendants Cannot Meet Their Burden to Show that the Balancing of Interests Weighs in Favor of Transfer .........................................................................1

        A.    Applicable Section 1404(a) Factors ...............................................................4

        B.    The Private Interest Factors Weigh Heavily Against Transfer ....................4

            1.    Plaintiff's Forum Preference Deserves Paramount Consideration .................................................................................4

            2.    Defendants' Preference to Avoid Delaware Does Not Outweigh Other Factors ......................................................................6

            3.    Where the Claims Arose Is Neutral ..................................................7

            4.    Convenience of the Parties and Location of Records Do Not Weigh in Favor of Transfer .........................................................8

            5.    Convenience of the Witnesses .......................................................10

        C.    The Public Interest Factors Weigh Against Transfer .................................11

CONCLUSION .........................................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADE Corp. v. KLA-Tencor Corp.*,
   138 F. Supp. 2d 565 (D. Del. 2001)..................................................................................8, 10

*Andersen v. Stability AI, Inc.*,
   No. 3:23-cv-00201-WHO, (N.D. Cal. July 3, 2023), ECF No. 73 ...........................................3

*Antoninetti v. Chipotle Mexican Grill, Inc.*,
   No. 06CV2671-J WMC, 2007 WL 2669531 (S.D. Cal. Sept. 7, 2007).....................................9

*Citrix Sys., Inc. v. Parallel Networks Licensing, LLC,*
   C.A. No. 19-2005-LPS-JLH, 2020 WL 2309073 (D. Del. May 8, 2020) ................................5

*Cont'l Cas. Co. v. Am. Home Assur. Co.*,
   61 F. Supp. 2d 128 (D. Del. 1999)............................................................................................6

*Cypress Semiconductor Corp., Int'l Microcircuits v. Integrated Cir. Sys., Inc.*,
   No. 01-199-SLR, 2001 WL 1617186 (D. Del. Nov. 28, 2001) ................................................5

*Deloitte Consulting LLP v. Sagitec Sols. LLC*,
   692 F. Supp. 3d 421 (D. Del. 2023).........................................................................................7

*Graphics Properties Holdings Inc. v. Asus Computer Int'l, Inc.*,
   964 F. Supp. 2d 320 (D. Del. 2013).................................................................................10, 11

*Helicos Biosciences Corp. v. Illumina, Inc.*,
   858 F. Supp. 2d 367 (D. Del. 2012).........................................................................................4

*Hodes v. Mostaque et al.*,
   No. 3:23-cv-03481-MMC (N.D. Cal Oct. 16, 2023), ECF No. 54 ...........................................3

*Intell. Ventures I LLC v. Altera Corp.*,
   842 F. Supp. 2d 744 (D. Del. 2012)...............................................................................4, 6, 10

*Ithaca Ventures k.s. v. Nintendo of Am. Inc.*,
   C.A. No. 13-824-GMS, 2014 WL 4829027 (D. Del. Sept. 25, 2014) ......................................6

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995).......................................................................................................4

*McKee v. PetSmart, Inc.*,
   No. CA 12-1117-SLR-MPT, 2013 WL 1163770 (D. Del. Mar. 20, 2013) ..............................5

*Microsoft Corp. v. Geotag Inc.*,
    847 F. Supp. 2d 675 (D. Del. 2012) ............................................................................8

*Mitek Sys., Inc. v. United Servs. Auto. Ass'n*,
    No. CIV.A. 12-462 GMS, 2012 WL 3777423 (D. Del. Aug. 30, 2012) ...................4

*Realtime Data LLC v. Fortinet, Inc.*,
    No. CV 17-1635-CFC, 2018 WL 5630587 (D. Del. Oct. 31, 2018)..........................6

*Sci. Telecomm., LLC v. Adtran, Inc.*,
    No. CV 15-647-SLR, 2016 WL 1650760 (D. Del. Apr. 25, 2016) ...........................5

*Sentient Sensors, LLC v. Cypress Semiconductor Corp.*,
    No. CV 19-1868 (MN), 2020 WL 3640065 (D. Del. July 6, 2020) ..........................9

*Shutte v. Armco Steel Corp.*,
    431 F.2d 22 (3d Cir. 1970)........................................................................................4

*Smart Audio Techs., LLC v. Apple, Inc.*,
    910 F. Supp. 2d 718 (D. Del. 2012)..........................................................................3

*Ultravision Techs., LLC v. RMG Networks Holding Corp.*,
    No. CV 18-1333-CFC, 2019 WL 1985110 (D. Del. May 6, 2019).........................12

*VLSI Tech. LLC v. Intel Corp.*,
     C.A. No. 18-966-CFC, 2018 WL 5342650 (D. Del. Oct. 29, 2018) .......................5

*Wiremed Tech LLC v. Adobe Inc.*,
    No. CV 18-1066 (MN), 2019 WL 2250643 (D. Del. May 24, 2019) .......................8

**Other Authorities**

9A Fed. Prac. & Proc. Civ. § 2383 (3d ed.)......................................................................9

## PRELIMINARY STATEMENT[1]

This case should be heard in Delaware. Seeking to avoid answering for their conduct in Delaware, defendants Stability AI, Ltd. ("SAI Ltd."), Stability AI, Inc. ("SAI Inc."), and Stability AI US Services Corporation ("SAI Services") (collectively "Defendants" or "Stability AI") ask this Court to transfer the case to the Northern District of California because a completely unrelated group of individual artists brought a class action there, alleging, *inter alia*, that SAI Ltd., SAI Inc. and three other completely unrelated corporate defendants infringed their copyrighted works (the "California Action"). Defendants claim that if this case is transferred to the Northern District of California, the cases might be consolidated because it contends that Getty Images (US), Inc. ("Getty Images") is a member of the purported class. Defendants' argument on this score misstates the facts and law and is more notable for what it *does not* say: that SAI Ltd. and SAI Inc. have moved to dismiss all but one of the claims pending against them in the California Action and that no class has been certified. And, they certainly do not say they will consent to class certification. Even if the California Action claims survive, there is no reason to think that this lawsuit would be consolidated with that one, given that the class action involves different plaintiffs, different defendants (with limited overlap), different legal claims, different legal theories, and different copyrighted works. Defendants' motion to transfer should be denied.

## ARGUMENT

**I.   Defendants Cannot Meet Their Burden to Show that the Balancing of Interests Weighs in Favor of Transfer**

Defendants ask the Court to transfer this case because it purportedly would be more

---

[1] The nature of the case and statement of facts are set forth in Plaintiff's concurrently filed Opposition to Defendants' Motion to Dismiss.

1

convenient for SAI Ltd. to defend this action in California than Delaware.  It is not: neither party is located in California; Defendants are two Delaware corporations and a UK-based entity with no office in California and no obvious connections to California other than that (i) a handful of employees who work remotely for its sister company, SAI Services, have chosen to do so from California, and (ii) it has customers there, as it does in virtually every other state in the country. Defendants disingenuously assert that the Northern District of California is more convenient for all parties because the California Action is pending there.  But, at the same time, Defendants have argued that all but one of claims in the California Action should be dismissed, the California Action involves causes of action that this case does not, and Getty Images has asserted causes of action that the California Action plaintiffs have not.  If this case were transferred to the Northern District of California, Getty Images would oppose consolidation, and thus any supposed efficiencies of coordinating this case with the California Action are illusory.

Moreover, California is thousands of miles farther away from SAI Ltd.'s headquarters in London, where key witnesses are located and from where Defendants directed and coordinated their infringing activities.  For example, Emad Mostaque, the founder of Stability AI and formerly the CEO and sole director of both SAI Ltd. and SAI Inc., Peter O'Donoghue, who is now a board member of both SAI Ltd. and SAI Inc. and acts as Chief Financial Officer for the Stability AI Group, and Tom Mason, Stability AI's Chief Technology Officer, all reside in London, England. *See* D.I. 47 ¶ 1;  Ex. C 19:20-20:6; 26:16-21; 57:4-10; 77:21-78:3; Ex. B, No. 8; *see also* Getty Images (US) Inc & Ors v. Stability AI Ltd [2023] EWHC 3090 (Ch) (Eng.) (identifying other key current and former Stability AI personnel in Europe).[2]

---

[2] Citations to "Ex. __" are to the Declaration of Robert Vrana, filed contemporaneously.

2

Even with respect to the Stability AI Group's[3] U.S.-based employees, all of whom work for SAI Services (a Delaware corporation) and work remotely because the Group maintains no physical office presence in the U.S., the majority reside closer to Delaware than to California.[4] This Court has general jurisdiction over two of the three defendants, and none of the defendant entities has any particular connection to the state of California. In other cases, they have disputed that they are subject to personal jurisdiction there. *See, e.g.*, Motion to Dismiss at 15-16, *Hodes v. Mostaque et al.*, No. 3:23-cv-03481-MMC (N.D. Cal Oct. 16, 2023), ECF No. 54 (contesting jurisdiction over SAI Inc. and SAI Ltd. in California and averring that they are not "at home" there); *id.* at 9 ("Stability US's headquarters are in London, where its officers direct and control the company's activities"); Motion to Dismiss at 1 n.1, *Andersen v. Stability AI, Inc.*, No. 3:23-cv-00201-WHO (N.D. Cal. April 18, 2023), ECF No. 58 (reserving rights to oppose exercise of personal jurisdiction over SAI Ltd. in California in other cases). For these reasons, Defendants cannot carry their "heavy burden" of establishing that Getty Images' choice of forum should be disturbed and that transfer to another forum is warranted. *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 727 (D. Del. 2012) (denying motion to transfer from District of Delaware to Northern District of California).

---

[3] As described more fully in Plaintiffs' Brief in Opposition to Defendants' Renewed Motion to Dismiss, SAI, Inc. and SAI Services Corporation do not have activities of their own and instead operates as part of a "Group" under the leadership of personnel employed by SAI, Ltd. SAC ¶ 26; Ex. A at 4; *see* Ex. C 18:18-23; 73:11-74:10

[4] *See* Ex. B, Response Nos. 1 and 16 (showing 34 employees in eastern and mid-western states closer to Delaware, as compared to 27 employees in western states closer to California). Moreover, the employees close to Delaware include key individuals such as the Chief Information Officer (NJ), the Vice Presidents of Product (VA) and Engineering (NY), and the head of Research and Development (NY).

3

### A. Applicable Section 1404(a) Factors

Courts in this District analyze transfer motions under Section 1404(a) by applying several private and public interests enumerated by the Third Circuit in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). The relevant private interest factors include:

> (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, No. CIV.A. 12-462 GMS, 2012 WL 3777423, at *5 (D. Del. Aug. 30, 2012) (citing *Jumara*, 55 F.3d at 879). The relevant public interest factors include:

> (a) the enforceability of the judgment; (b) practical considerations that could make the trial easy, expeditious, or inexpensive; (c) the relative administrative difficulty in the two fora resulting from court congestion; (d) the local interest in deciding local controversies at home; (e) the public policies of the fora; and (f) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* Defendants' "burden is a heavy one: 'unless the balance of the convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail.'" *Intell. Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 750-51 (D. Del. 2012) (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)) (emphasis in original).

### B. The Private Interest Factors Weigh Heavily Against Transfer

#### 1. *Plaintiff's Forum Preference Deserves Paramount Consideration*

In this Circuit, "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte*, 431 F.2d at 25; *see also Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 371 (D. Del. 2012) ("[A] plaintiff, as the injured party, generally ha[s] been

4

accorded the privilege of bringing an action where it chooses.") (alterations adopted, quotation marks omitted); *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2018 WL 5342650, at *2 (D. Del. Oct. 29, 2018) ("binding Third Circuit law compels me to treat its forum choice as 'a paramount consideration' in the § 1404(a) balancing analysis") (citing *Shutte*); *Citrix Sys., Inc. v. Parallel Networks Licensing, LLC*, C.A. No. 19-2005-LPS-JLH, 2020 WL 2309073, at *6 (D. Del. May 8, 2020), *report and recommendation adopted sub nom. Citrix Sys., Inc. v. Parallel Networks Licensing, LLC*, C.A. No. 19-2005-LPS-JLH, 2020 WL 8079822 (D. Del. June 4, 2020) (citing *Shutte* for its holding that burden is on the moving party).

Moreover, the "deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason." *Cypress Semiconductor Corp., Int'l Microcircuits v. Integrated Cir. Sys., Inc.*, No. 01-199-SLR, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001). Here, Plaintiff chose Delaware because Defendant SAI, Inc.—the parent company of the Stability AI Group—is incorporated here and thus is unquestionably subject to personal jurisdiction here. SAI Services is also incorporated in Delaware. "[B]ringing suit against a corporation where it has incorporated[] is a rational and legitimate reason to choose to litigate in that state." *McKee v. PetSmart, Inc.*, No. CA 12-1117-SLR-MPT, 2013 WL 1163770, at *2 (D. Del. Mar. 20, 2013); *Sci. Telecomm., LLC v. Adtran, Inc.*, No. CV 15-647-SLR, 2016 WL 1650760, at *1 (D. Del. Apr. 25, 2016) ("A defendant's place of incorporation is always an appropriate forum in which to sue that defendant."). Accordingly, this factor weighs *heavily* against transfer.

Defendants suggest that this Court should give Getty Images' decision "minimal weight" because it did not choose to sue in its own state of incorporation or where it maintains its principal place of business. D.I. 49 at 2. Not so. Even where "Plaintiff's choice of forum is not its 'home

turf,' the Plaintiff's forum choice is still given paramount consideration." *Cont'l Cas. Co. v. Am. Home Assur. Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999); *see also Ithaca Ventures k.s. v. Nintendo of Am. Inc.*, C.A. No. 13-824-GMS, 2014 WL 4829027, at *2-3 (D. Del. Sept. 25, 2014) (even where "plaintiff's chosen forum [is one] where the plaintiff is not truly at home in the forum state," the plaintiff's choice was still "entitled to some degree of heightened deference"); *Realtime Data LLC v. Fortinet, Inc.*, No. CV 17-1635-CFC, 2018 WL 5630587, at *5 (D. Del. Oct. 31, 2018) (interpreting the Third Circuit's "statement of 'black letter law' as an across-the-board rule favoring plaintiff's choice of forum" even where it is not plaintiff's home state).

### 2. *Defendants' Preference to Avoid Delaware Does Not Outweigh Other Factors*

Conversely, when transfer is sought by a defendant with operations on an "international scale"—as is the case with Defendants here—"that defendant 'must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations." *Intell. Ventures*, 842 F. Supp. 2d at 751 (quoting *L'Athene, Inc. v. Earthspring LLC*, 570 F. Supp. 2d 588, 592 (D. Del. 2008). Defendants cannot do that. Indeed, Defendants have offered no such proof, and their "incorporation in Delaware reflects [their] recognition that Delaware is an appropriate jurisdiction for resolution of commercial disputes through litigation." *Adtran*, 2016 WL 1650760, at *1. Moreover, Defendants have employees around the world and no corporate presence or physical office space in California. *See* Ex. B, No.1; Ex. C 72:11-73:10. The fact that certain employees of SAI Services choose to work remotely from California—at least right now—is of no moment. According to the jurisdictional discovery provided, the Stability AI Group has 62-U.S.-based employees, only about a quarter of whom live in California (16 employees). *See* Ex. B, at No. 16. The fraction of employees in California is even lower with respect to the Group overall: only 8% of the company's 190 employees are located in California. *See* Ex. C 72:11-12. By their own

6

admission, many of the Group's employees live outside the United States, whether near its London headquarters or in other countries throughout the world. *Id.* at 72:11-73:10 (testifying about employees located in the United Kingdom, France, Germany, Japan, Canada and "assorted other countries"). Accordingly, this factor also weighs against transfer.

### 3. *Where the Claims Arose Is Neutral*

The claims in the Second Amended Complaint relate not just to the training and development of Stable Diffusion and the development and offering of Dream Studio, but to the dissemination of substantially similar images and other images that contain ersatz versions of Getty Images' watermark to consumers. *Deloitte Consulting LLP v. Sagitec Sols. LLC*, 692 F. Supp. 3d 421, 435 (D. Del. 2023) ("In intellectual property cases, courts may also consider "the location of the production, design and manufacture of the accused instrumentalities," and where the "marketing[ ] and sale of the accused products largely occurred.") (internal citations omitted). As such, claims may have arisen anywhere that the various iterations of Stable Diffusion or Dream Studio have been made available and/or used.

Defendants do not meaningfully contest that this factor is neutral. They state that "some people" who were involved in the development of Stable Diffusion have *personal* residences in California. D.I. 49 at 3. But Defendants have no office or registered corporation in California. Defendants concede that employees were hired by "third party remote working companies" to work indirectly for SAI Ltd. and now work for SAI Services, a Delaware corporation. *Id.* All of its U.S.-based employees are remote workers. And Defendants do not specify what activities, if any, took place in California that are relevant to these claims or why those activities are more important to the resolution of the claims at issue than the activities that took place elsewhere throughout the United States. Defendants did not provide discovery that would shed light on this question.

Nor is this factor likely to move the needle where Defendants activities took place primarily online. *Microsoft Corp. v. Geotag Inc.*, 847 F. Supp. 2d 675, 678 (D. Del. 2012) (denying transfer and finding where patent claim arose deserved no weight because the claim "arises generally wherever the internet is present").  As alleged in the Second Amended Complaint, to train various iterations of an image-generating model called Stable Diffusion that uses artificial intelligence to deliver computer-synthesized images in response to text prompts, SAI Ltd. scraped millions of copyrighted images and the accompanying captions and metadata from Getty Images' websites. SAC ¶ 11. SAI Ltd.'s image-generating offerings, including Stable Diffusion and DreamStudio, are available to and generate revenue from internet users in Delaware and elsewhere through its website. Ex. B, Nos. 2 & 3; Ex. C 240:4-241:13.  Their model, trained on ill-gotten gains from Getty Images, is maintained through data stored on cloud servers. SAC ¶ 37.  Thus, the claims arose "wherever alleged infringement has occurred," which includes any number of geographic locations via the internet.  *Wiremed Tech LLC v. Adobe Inc.*, No. CV 18-1066 (MN), 2019 WL 2250643, at *3 (D. Del. May 24, 2019). Therefore, this factor is neutral.

### 4. *Convenience of the Parties and Location of Records Do Not Weigh in Favor of Transfer*

Defendants have not met their burden to show that maintaining the case in this Court would be inconvenient.  "[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001).  Defendants' incorporation of two entities in Delaware also weighs against transfer.  Furthermore, Defendants' convenience arguments are grounded in the flawed assumption that this case will be consolidated with the California Action and that Getty Images is already somehow a member of the purported class. This assumption is groundless.  There is no authority requiring these cases to be consolidated: "the

8

mere fact that a common question is present, and that consolidation therefore is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation." 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed.); *see, e.g., Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 06CV2671-J WMC, 2007 WL 2669531, at *2 (S.D. Cal. Sept. 7, 2007) ("[E]ven if a common question of law or fact exists, consolidation is inappropriate if it results in inefficiency, inconvenience, or unfair prejudice to a party.").

Getty Images is entitled to proceed on its own case here, in its chosen forum. It is certainly not convenient for Getty Images to transfer this case to a district where it has no offices, documents or evidence. Even if the case were transferred, consolidation would be prejudicial to Getty Images as the California Action involves different plaintiffs, additional defendants, different claims, different legal theories, and different infringed works than the California Action. There is also no basis to assume that Getty Images would be a member of the putative class: no class has been certified, and Getty Images will opt out if one is later certified. Any effort to consolidate the matters would inevitably cause further unnecessary delay, and is highly unlikely to succeed given the significant differences between this case and that one. *See supra* at 1.

Defendants' focus on the convenience of "produc[ing] documents" is also unavailing. D.I. 49 at 5. In modern litigation, document productions are digital and transmitted over the Internet. Indeed, such connectivity enables Stability AI to maintain employees in no fewer than twenty different states. *See* Ex. B, No. 16. Any purported inconvenience of "being forced to" produce documents "on both sides of the country" is nonexistent. *See Sentient Sensors, LLC v. Cypress Semiconductor Corp.*, No. CV 19-1868 (MN), 2020 WL 3640065, at *6 (D. Del. July 6, 2020) ("With the state of technology in litigation today and the ease with which documentary evidence can be produced electronically, the Court finds that this factor – although favoring transfer – should

be afforded minimal weight."). Defendants' efficiency based arguments are even more illusory given they have sought to *dismiss* most of the California Action.

Moreover, "there is nothing in the record to indicate that litigating in Delaware would impose an undue financial burden on Defendants." *Intell. Ventures*, 842 F. Supp. 2d at 755; *Graphics Properties Holdings Inc. v. Asus Computer Int'l, Inc.*, 964 F. Supp. 2d 320, 328 (D. Del. 2013) (despite defendant's "legitimate" reasons for seeking transfer, holding that "[l]itigating in Delaware will not impose an undue financial burden on [defendant]" because "most of the discovery will take place in California or other locations mutually agreed to by the parties"). That is even more true here than in *Graphics Properties Holdings* because most of the discovery in this case will take place outside of California. The "convenience of the parties" and "location of books and records" factors do not weigh in favor of transfer.

### 5.     *Convenience of the Witnesses*

As noted above, the majority of Stability AI's U.S.-based employees are located closer to Delaware than California, and Delaware is certainly more convenient than California for Defendants' overseas employees. *Supra* Section B.2. The fact that Defendants cherry-picked two former employees whom they claim could not be compelled to appear at trial is not persuasive. D.I. 49 at 6. First, Defendants have not shown these employees to be necessary witnesses. *See ADE Corp.*, 138 F. Supp. 2d at 570 ("[D]efendant has not established what testimony these witnesses will offer at trial that will be critical to the defendant's case."). The individuals in question began working for Stability AI in February and April 2023 respectively, *after* Getty Images filed its original complaint and *well after* the conduct alleged in the original complaint occurred. *See* Ex. U; Ex. V. Second, Defendants have not made any showing that these two witnesses will be in California at the time of trial: all Defendants state is that "records reflect" that these former employees were "based in California as of the time [they] left Stability Services."

10

Case 1:23-cv-00135-JLH   Document 62   Filed 08/21/24   Page 15 of 18 PageID #: 4674

D.I. 47 ¶ 26-27. Third, Defendants' selection of two former employees based in California does not move the needle where the company employs remote workers, located all over the country, and has significant amounts of turnover. Were the case transferred, it is highly possible that *other* former employees would be out of trial subpoena range of the court in California. Finally, to the extent these witnesses are necessary and unable to appear at trial, any of the parties can secure "their testimony . . . obtained through a deposition," which "is a fallback that, in almost all instances, will prevent a miscarriage of justice." *Asus Computer Int'l*, 964 F. Supp. at 329.

Further, Defendants' contention that transfer is appropriate to "allow for coordination of depositions and consolidation of travel" improperly and prematurely, assumes that discovery in Getty Images' case would be consolidated with discovery in a distinct California Action, brought by differently-situated plaintiffs on behalf of a purported class against additional parties beyond Defendants here. Accordingly, this factor weighs against transfer.

### C. The Public Interest Factors Weigh Against Transfer

Many of the public interest factors have no application in this case. There are no practical considerations rendering trial easy, expeditious or inexpensive, this controversy is not local in nature, and this case does not sound in diversity. Defendants' statistics about the relative courts' congestion simply reflect that the District of Delaware and the Northern District of California are two of the busiest districts in the country, with comparable caseloads and efficiency. D.I. 49 at 9 n.5. As such, these factors carry no weight. Additionally, for the reasons explained in Getty Images' opposition to Defendants' motion to dismiss (filed contemporaneously), SAI Ltd. is subject to this Court's jurisdiction, so the factor considering the enforceability of the judgement is also neutral.

Delaware has a public policy interest in resolving this dispute and ensuring that entities like SAI Ltd., which uses Delaware law to establish an entity here and then benefits from vast

11

sums it raises through its Delaware entity, *see* Ex. C 145:23-146:10; 244:2-21, must answer in Delaware for its wrongful conduct. "Delaware's public policy encourages Delaware entities" such as SAI Inc. and SAI Services "to resolve their disputes in Delaware courts." *Ultravision Techs., LLC v. RMG Networks Holding Corp.*, No. CV 18-1333-CFC, 2019 WL 1985110, at *3 (D. Del. May 6, 2019). Accordingly, this factor "weighs against transfer." *Id* at *2*.

At bottom, the public and private interest factors make clear: Defendants have fallen far short of meeting their *heavy* burden to show transfer is appropriate. This case belongs in Delaware and should not be transferred.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer should be denied.

Dated: August 12, 2024

YOUNG CONAWAY STARGATT & TAYLOR, LLP

 */s/ Robert M. Vrana*
Tammy L. Mercer (No. 4957)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
tmercer@ycst.com
rvrana@ycst.com

WEIL, GOTSHAL & MANGES LLP
Benjamin E. Marks (admitted *pro hac vice*)
Jared R. Friedmann (admitted *pro hac vice*)
Melissa Rutman (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
(212) 310-8000
benjamin.marks@weil.com
jared.friedmann@weil.com
melissa.rutman@weil.com

>Brian G. Liegel
>WEIL, GOTSHAL & MANGES LLP
>1395 Brickell Ave, Ste. 1200
>Miami, Florida 33131
>(305) 577-3180
>brian.liegel@weil.com
>
>*Attorneys for Plaintiff Getty Images (US), Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 12, 2024, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY E-MAIL**

Jack B. Blumenfeld
Michael J. Flynn
MORRIS, NICHOLS, ARSHT
 & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

Joseph C. Gratz
Timothy Chen Saulsbury
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
jgratz@mofo.com
tsaulsbury@mofo.com

Allyson R. Bennett
Laura Gilbert Remus
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA, 90017-3543
abennett@mofo.com
LRemus@mofo.com

Aditya V. Kamdar
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C., 20037
akamdar@mofo.com

*Attorneys for Defendant*

Dated: August 12, 2024

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

*/s/ Robert M. Vrana*
Tammy L. Mercer (No. 4957)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
tmercer@ycst.com
rvrana@ycst.com

*Attorneys for Plaintiff Getty Images (US), Inc.*